**Melbourne E. JOSEPH, Sr., et al.,
Plaintiffs-appellants,**

**v.**

**The NEW ORLEANS ELECTRICAL PENSION & RETIREMENT PLAN, Individually and Its Trustees, et al., Defendants-appellees.**

**No. 84–3170.**

United States Court of Appeals,
Fifth Circuit.

March 8, 1985.

Rehearing and Rehearing En Banc
Denied April 22, 1985.

---

Melbourne E. Joseph, Jr., Gulfport, Miss., Diana T. Berman, Arabi, La., James K. Wetzel, Jayne L. Buttross, Gulfport, Miss., for plaintiffs-appellants.

Hess & Washofsky, Dennis M. Angelico, New Orleans, La., Carolyn P. Perry, Baton Rouge, La., for defendants-appellees.

Before GOLDBERG, RUBIN and HILL, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Retired members of the New Orleans Electrical Pension and Retirement Plan invoke the Employee Retirement Income Security Act to obtain federal jurisdiction over their claim that the Trustees of the Plan breached duties owed to them under the Act. Because the district court correctly dismissed the complaint on the ground that plaintiffs, after retirement, were not "participants" within the meaning of the Act, and, therefore, lacked standing to assert their claims, we affirm.

At various times prior to January 1, 1981, each of the plaintiffs reached retirement age and each chose to receive a lump-sum retirement benefit in lieu of a continuing monthly benefit that might have yielded a smaller total sum. The decision to accept the lump-sum retirement benefit was based on the amount of benefits provided retirees by the Plan as it then read.

The Trustees later, in July, 1981, amended the Plan, and voted large increases in the value of a participant's past service credit. The amendment provided that, instead of receiving $1.00 per month for each year of past service credit, a retiree would receive $8.00 per month for each year of past service credit. The complaint alleges, "the above increases were made possible because of an additional .10¢ (sic) per hour on May 1, 1981, as well as an increase in income from investments, in accord with the policy and minutes of the" Plan.

Although the amendment was adopted in July, the Trustees decided to allow certain lump-sum retirees to take advantage of the eight-fold increase in benefits, so they made the amendment retroactive to January 1, 1981. The amendment was thus made applicable to lump-sum retirees who had retired seven months before the increase in benefits, but not to persons who had retired more than seven months before the increase in benefits even if their retirement occurred only one day earlier.

█ Under ERISA, a "participant," for standing purposes, is "any employee or former employee ... or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan...."[1] The retirees argue that they are clearly "former employees"—as indeed they are—and that they are or "may become eligible to receive a benefit" from the defendant Pension and Retirement Plan.

█ We cannot adopt the construction of the Act sought by the pre-1981 retirees. To be a "participant," a person must have either a present or a future right to benefits under the pension or retirement plan. This excludes retirees who have accepted the payment of everything due them in a lump sum, because these erstwhile participants have already received the full extent of their benefits and are no longer eligible to receive future payments. Such retirees have no present or future right to Plan funds, and the Plan no longer has any obligations to these individuals. This is consistent with prior Fifth Circuit decisions limiting the "may-become-eligible" phrase to current employees, and to former employees with currently vested benefits,[2] as well as with Department of Labor regulations pertaining to the administration of ERISA.[3] Those regulations specifically exclude from the definition of "participant" "an individual to whom an insurance company has made an irrevocable commitment to pay all the benefits to which the individual is entitled under the plan."[4] The interpretation of a statute by the agency charged with its administration is entitled to substantial deference.[5]

It might be argued that, in voting to increase the benefits for past participants, the Trustees violated their duty to those persons who were continuing participants, by diverting funds that should have been used only for the benefit of participants as defined by the Act. We express no opinion on that question. Nor do we speak to whether lump-sum retirees might state a claim for relief under ERISA on either the contractual basis that a plan prohibits unequal retroactive distribution of benefits or the statutory basis that trustees are not to discriminate within classes of participants or beneficiaries. It was also suggested at oral argument that the Trustees might have accumulated funds before January, 1981 to such an extent that they should have increased benefits before the plaintiffs retired. Although perhaps intimated in the complaint, that issue was not raised in the district court and was not raised in

1. 29 U.S.C. § 1002(7).

2. *Jackson v. Sears, Roebuck & Co.,* 648 F.2d 225, 228–29 (5th Cir.1981); *Nugent v. Jesuit High School,* 625 F.2d 1285, 1287 (5th Cir.1980).

3. 29 C.F.R. § 2610.2 (1984).

4. *Id.* paragraph (b).

5. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council,* — U.S. —, ———, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694, 703–04 (1984); *see United States Department of Justice v. Federal Labor Relations Authority,* 727 F.2d 481, 486 (5th Cir.1984).

the brief on appeal. We, therefore, do not address it.[6]

For these reasons, the judgment of dismissal is AFFIRMED.

---

**6.** *Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.,* 732 F.2d 480, 488 fn. 7 (5th Cir.1984); *see First National Bank of Arizona v. Cities Service* *Co.,* 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968).