Kathy WELLS, Plaintiff-Appellant,

v.

Bobby Glen RUSHING and Town of Maben, Mississippi, Defendants-Appellees.

No. 84–4297.

United States Court of Appeals,
Fifth Circuit.

May 20, 1985.

Jim Waide, West Point, Miss., Michael T. Lewis, Oxford, Miss., for plaintiff-appellant.

Coleman & Coleman, Thomas A. Coleman, Ackerman, Miss., Steven E. Farese, Ashland, Miss., for defendants-appellees.

ON PETITION FOR REHEARING.

(5th Cir., March 4, 1985, 755 F.2d 376)

Before RUBIN, TATE and HILL, Circuit Judges.

PER CURIAM:

In the original panel opinion, 755 F.2d 376, we affirmed the district court's dismissal of all claims of plaintiff Kathy Wells against the defendant Town of Maben, Mississippi. In so doing, we discussed only the claims brought under 42 U.S.C. § 1983.

■ Wells has now filed a petition for rehearing in which she argues, first, that we erred in affirming dismissal of the pendent state law claim against the town. However, the grounds she now relies upon were not presented to us in either of her briefs on appeal. Moreover, Wells admits that at trial the state law claim was not taken before the jury in the court's instructions or interrogatories. Nor was the claim presented in her requested, but refused, instructions and interrogatories. The claim was not mentioned in Wells' motion for judgment notwithstanding the verdict or for new trial. In response to the town's argument for a complete directed verdict in its favor, Wells never raised the state claim in rebuttal. Having raised the issue neither below nor before us, Wells' complaint on petition for rehearing comes too late. *See, e.g., Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976) (issue not raised below); *Joseph v. New Orleans Electrical Pension & Retirement Plan,* 754 F.2d 628, 630–31 (5th Cir.1985) (issue not raised below or in appellate brief); *Domed Stadium Hotel, Inc. v. Holiday Inns, Inc.,* 732 F.2d 480, 488 n. 7 (5th Cir.1984) (same); *Jamestown Farmers Elevator, Inc. v. General Mills, Inc.,* 552 F.2d 1285, 1295–96 (8th Cir.1977) (issue raised only on rehearing would not be addressed).

■ Wells also seeks rehearing on her § 1983 claims against the town. She argues that the jury's finding, in interrogatory eleven, that the town "failed to properly test, train or supervise" the defendant Rushing was sufficient to impose liability on the town. In response to interrogatory twelve, the jury found that this failure did not constitute gross negligence. In accordance with the instructions that followed, the jury, having found no gross negligence, did not consider interrogatory fourteen, which asked whether the failure to supervise caused harm to the deceased Karl Harris.

However, Wells not only failed to raise this issue below and on the initial appeal, but she relied on the gross negligence standard both in her brief and at oral argument. She will not now be heard to complain that simple negligence is sufficient. *See Singleton, supra; Joseph, supra; Jamestown Farmers, supra.*

■ Finally, Wells again argues that Rushing's failure to appear at trial, and the district court's refusal to grant a delay to secure his presence, prejudiced the presentation of her claims against the town. As noted above, the jury found that the town failed properly to test, train, or supervise Rushing, but that this failure did not constitute gross negligence. In the original panel opinion we held that Rushing's live testimony at trial would have had only cumulative effect on this issue because Wells had access to and did adduce testimony concerning the town's supervision and training of Rushing. 755 F.2d at 381–82.

In *Turpin v. Mailet,* 619 F.2d 196, 202 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980), the court wrote, in dicta, that a "single, unusually brutal or egregious beating administered by a group of municipal employees may be sufficiently out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision, amounting to deliberate indifference or 'gross negligence' on the part of the officials in charge." In *Languirand v. Hayden,* 717 F.2d 220, 227–28 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 2656, 81 L.Ed.2d 363 (1984), we held that to support a § 1983 cause of action for failure to train police officers, the plaintiff must demonstrate that the failure "constitute[s] gross negligence amounting to conscious indifference" and either a pattern of similar incidents or that "serious incompetence or misbehavior was general or widespread throughout the police force."

Wells argues that if, on remand, the jury concludes from the evidence and Rushing's live testimony that he did, in fact, murder Karl Harris and plant a "throw-down" gun, then the jury might infer from this single "egregious" act that the town was grossly negligent and willfully indifferent with respect to training and supervising Rushing.

Wells' argument adds nothing to her arguments on the main appeal. She does not indicate how Rushing's testimony would increase the likelihood that on remand the jury would find gross negligence, which it refused to find on the evidence at the initial trial. Indeed, it appears more likely that Rushing's testimony on his own behalf will, if anything, have the opposite effect. Moreover, Rushing's isolated act would be insufficient to subject the city to liability under the cases addressing the municipal duty to train. *See Languirand,* 717 F.2d at 227–28 (evidence must show at least a pattern of similar incidents or that misbehavior was widespread); *Turpin,* 619 F.2d at 202 (ordinarily policy not to be inferred from single incident). The conclusion we reached in the original panel opinion to the effect that Rushing's testimony against the town would be merely cumulative, 755 F.2d at 381–92, holds true on this issue as well: Rushing's testimony could have added nothing to that of the other witnesses in establishing the pattern or widespread practice necessary to imposing liability on the town.

For the reasons set forth, the petition for rehearing is DENIED.