Richard P. KUNTZ, et al.,
Plaintiffs-Appellants,

v.

Nat J. REESE, et al.,
Defendants-Appellees.

No. 83–2151.

United States Court of Appeals,
Ninth Circuit.

March 31, 1986.

R. Bradford Huss, Hall, Henry, Oliver & McReavy, San Francisco, Cal., for plaintiffs-appellants.

Donn Dimichele, Brian C. Cuff, Ball, Hunt, Hart, Brown & Baerwitz, Los Angeles, Cal., Richard B. Glickman, Rosenman, Colin, Freund, Lewis & Cohen, San Francisco, Cal., for defendants-appellees.

Before TANG and PREGERSON, Circuit Judges, and REAL,* District Judge.

PER CURIAM:

Shortly after we decided this case on May 13, 1985, *see Kuntz v. Reese*, 760 F.2d 926 (9th Cir.1985), the Reese defendants[1] petitioned our court to rehear this matter. The Reese defendants argue, among other things, that several persuasive authorities outside this circuit undermine the conten-

---

* Hon. Manuel L. Real, Chief Judge, United States District Court for the Central District of California, sitting by designation.

1. The Reese defendants include Nat Reese, who is the pension plan administrator, Daniel Eget, Sammy Narens, Danat Investments, and five other companies.

tion that the Kuntz plaintiffs[2] had standing under the Employee Retirement Income Security Act (ERISA) of 1974, 29 U.S.C. §§ 1001–1381 (1982), to sue for breach of fiduciary duty and nondisclosure of pension plan documents.

After carefully considering these authorities, we have now concluded that the Kuntz plaintiffs lack standing. We therefore grant the petition for rehearing, withdraw our previously-filed opinion, and affirm the district court's judgment, which dismissed the action below.

Interpreting this Court's decision in *Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, Inc.*, 721 F.2d 654 (9th Cir.1983), we held originally that ERISA §§ 502(a)(1)(A) & 502(a)(2), 29 U.S.C. §§ 1132(a)(1)(A) & 1132(a)(2), authorized the Kuntz plaintiffs to bring suit: that those provisions permit a "participant or beneficiary" to bring a civil action against the plan administrator to recover statutory damages for breach of fiduciary duty and for failure to disclose pertinent plan documents. We reasoned that the Kuntz plaintiffs were "participant[s]" within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), which defines a participant as

> any employee or former employee of an employer or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan.

In essence, we thought that plaintiffs with a claim for damages against the plan administrator were "participants" because the damage claim could be viewed as a "benefit of any type."

We are now persuaded that the Kuntz plaintiffs are not participants because, as former employees whose vested benefits under the plan have already been distributed in a lump sum, the Kuntz plaintiffs were not "eligible to receive a benefit," and were not likely to become eligible

to receive a benefit, at the time that they filed the suit. Because, if successful, the plaintiffs' claim would result in a damage award, not in an increase of vested benefits, they are not plan participants. The Kuntz plaintiffs do not allege that their vested benefits were improperly computed, rather they allege breach of fiduciary duty or of a duty to disclose information about benefits, thus any recoverable damages would not be benefits from the plan.

Having decided a damage claim is not a plan benefit, we must also point out that the plaintiffs are not eligible for any other type of benefit either. The Kuntz plaintiffs are all former employees who have already received their vested benefits. There are no allegations of plans to return to work or to start accruing benefits once again under the pension plan. Indeed, the plan is now defunct. Former employees who have neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits simply do not fit within the "may become eligible" language of § 1002(7). *Saladino v. I.L.G. W.U. National Retirement Fund,* 754 F.2d 473, 476 (2d Cir.1985). In fact,

> [t]o be a "participant" a person must have either a present or a future right to benefits under the pension or retirement plan. This excludes retirees who have accepted the payment of everything due them in a lump sum, because these erstwhile participants have already received the full extent of their benefits and are no longer eligible to receive future payments. Such retirees have no present or future right to Plan funds and the Plan no longer has any obligation to these individuals.

*Joseph v. New Orleans Electrical Pension & Retirement Plan,* 754 F.2d 628, 630 (5th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 526, 88 L.Ed.2d 458 (1985).

While we are still convinced that the purpose and policy of ERISA is to remedy hardships caused by inequitable treatment

---

**2.** The Kuntz plaintiffs include Richard Kuntz, Dan Caccavo, Jimmy Humes, John McCord, Gursewak Singh, and Duane White.

of workers by plan administrators, *see* H.R. Rep. No. 533, 93d Cong. 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 4647, we are now persuaded that the agency charged with administering ERISA would not consider the Kuntz plaintiffs to be plan participants entitled to this solicitude. The Department of Labor has promulgated certain regulations pertaining to the administration of ERISA. These regulations specifically exclude from the definition of "participant" any person "to whom an insurance company has made an irrevocable commitment to pay all the benefits to which the individual is entitled under the plan." 29 C.F.R. § 2610.2 (1985); *see Joseph,* 754 F.2d at 630 (quoting Department of Labor regulation).

This regulation, of course, pertains to situations in which a pension plan purchases annuities for former plan beneficiaries and participants. Nonetheless, it is a persuasive interpretation of the statute. And because we must give substantial deference to an agency's interpretation of a statute within its administration, *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984), we find the Department of Labor's interpretation persuasive.

Although the Kuntz plaintiffs initially persuaded us that they should have standing to litigate this matter, we are now convinced that their argument, if followed, would have the effect of converting claims of all types, whether colorable or not, into "potential benefits" within the meaning of ERISA. Because we do not believe that Congress intended this result, and because our reconsidered interpretation is consistent with previous authorities from our own court [3] we now VACATE our previous decision, WITHDRAW our published opinion, and AFFIRM the district court's judgment, noting that the dismissal is without prejudice to state law claims the plaintiffs might pursue.

REAL, District Judge, concurring:

I concur in the result now reached by the majority but adhere to the reasoning in my dissent, *Kuntz v. Reese,* 760 F.2d 926, 939 (9th Cir.1985).

---

**3.** *See, e.g., Scott v. Gulf Oil Corp.,* 754 F.2d 1499, 1505–06 (9th Cir.1985); *Freeman v. Jacques Orthopaedic & Joint Implant Surgery Medical Group, Inc.,* 721 F.2d 654, 655–56 (9th Cir.1983); *Weiss v. Sheet Metal Workers No. 544 Pension Trust,* 719 F.2d 302, 303–04 (9th Cir.1983) (per curiam), *cert. denied,* 466 U.S. 972, 104 S.Ct. 2347, 82 L.Ed.2d 864 (1984); *Hernandez v. Southern Nevada Culinary & Bartenders Pension Trust,* 662 F.2d 617, 621 (9th Cir.1981).