Melvin BOREN, Plaintiff–Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, INC.; Southwestern Bell Corporation General Employees Benefit Committee; and Southwestern Bell Telephone Company Plan for Employees' Pensions, Disability Benefits and Death Benefits, Defendants–Appellees.

No. 89–3119.

United States Court of Appeals, Tenth Circuit.

May 20, 1991.

**892**

Clifford L. Bertholf, Wichita, Kan., for plaintiff-appellant.

Ruth A. Sears, Topeka, Kan. (Lawrence A. Dimmitt, Topeka, Kan., and Charles P. Efflandt of Foulston & Siefkin, Wichita, Kan., with her on the brief), for defendants-appellees.

Before HOLLOWAY, Chief Judge, McWILLIAMS and McKAY, Circuit Judges.

McKAY, Circuit Judge.

The appellant, Melvin Boren, filed this suit claiming retirement benefits from the appellees, Southwestern Bell Telephone Company and Southwestern Bell Telephone Company Plan for Employees' Pensions, Disability Benefits and Death Benefits ("the Plan"). Mr. Boren brought a claim under the Employee Retirement Income Se-

curity Act of 1974, 29 U.S.C. §§ 1001–1461 (1988), as well as a contract claim and a tort claim. The district court granted summary judgment for Southwestern Bell and the Plan on all claims. Mr. Boren now appeals the grant of summary judgment on the ERISA and contract claims.

## I. BACKGROUND

The district court found that from 1952 to 1955 and from 1959 to 1980 Mr. Boren entered into a series of one-year contracts to provide architectural supervision services to Southwestern Bell. Prior to 1968, the contracts were silent as to whether Mr. Boren was an employee or an independent contractor. From 1968 on, however, the contracts specifically designated Mr. Boren as an independent contractor and stated that Mr. Boren was not to be considered an employee of Southwestern Bell "for any purpose." Mr. Boren testified that throughout the course of his relationship with Southwestern Bell he considered himself an independent contractor and not an employee. Mr. Boren also testified that he was aware that independent contractors were not included in the pension plan. Mr. Boren was never enrolled in the pension plan.

In 1980, Southwestern Bell declined to renew Mr. Boren's contract. Sometime later, Mr. Boren reconsidered his relationship with Southwestern Bell. He determined that he was regarded by Southwestern Bell as an employee and that he was therefore entitled to pension benefits. Accordingly, Mr. Boren brought this action.

■ When reviewing the grant of a motion for summary judgment, this court views the record in the light most favorable to the non-movant. *Ewing v. Amoco Oil Co.*, 823 F.2d 1432, 1437 (10th Cir.1987). "When a motion for summary judgment is granted, it is the appellate court's duty to examine the record to determine if any genuine issue of material fact was in dispute; if not, the court must determine if the substantive law was correctly applied." *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988).

## II. THE ERISA CLAIM

■ The district court granted summary judgment on the ERISA claim early in the proceedings. The court's ruling was based on its finding that it lacked subject matter jurisdiction over the ERISA claim. The court cited ERISA's jurisdictional provision, which states in pertinent part: "A civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...." 29 U.S.C. § 1132(a)(1)(B). "Participant" is defined as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan...." 29 U.S.C. § 1002(7).

The court noted that the Plan administrators had determined that persons denoted as independent contractors, such as Mr. Boren, were not plan participants. Therefore, no contributions had ever been made by the company to the Plan in Mr. Boren's behalf. The court stated that "the issue ... is not whether the plaintiff should have been a participant in the Plan, but whether he in fact *did* participate in the Plan for purposes of ERISA." Memorandum and Order at 7 (Feb. 9, 1987). The court then found that "the plaintiff was not—and cannot become—a 'participant' in defendants' Plan, as that term is defined in ERISA, because he was not designated as such by the company, and hence no contributions were made in his behalf." *Id.*

The appellant does not dispute that he was never enrolled in the Plan and that no contributions were made in his behalf. Rather, he argues that, under the common law and under certain contractual provisions, he should have been enrolled and contributions should have been made in his behalf. The Supreme Court has foreclosed this argument by holding that such claims fall without the jurisdictional grant of ERISA.

In *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 117, 109 S.Ct. 948, 957, 103 L.Ed.2d 80 (1989), the Court stat-ed, "To say that a 'participant' is any person who claims to be one begs the question of who is a 'participant' and renders the definition set forth in § 1002(7) superfluous." A former employee is a "participant" only if he has " 'a reasonable expectation of returning to covered employment' " or " 'a colorable claim' to vested benefits." *Id.* (quoting *Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir.), *cert. denied*, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986)). Only a former employee "who is or may become eligible to receive a benefit" is considered a "participant" under ERISA. 29 U.S.C. § 1002(7). " 'A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] "may become eligible." ' " *Firestone*, 489 U.S. at 118, 109 S.Ct. at 958 (quoting *Saladino v. I.L.G.W.U. Nat'l Retirement Fund*, 754 F.2d 473, 476 (2d Cir. 1985).

This court recently applied *Firestone* in *Mitchell v. Mobil Oil Corp.*, 896 F.2d 463 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 252, 112 L.Ed.2d 210 (1990). The claimant in *Mitchell* was a former employee who had taken advantage of an early retirement option with a lump-sum payment of his pension benefits. The claimant alleged that certain changes made by Mobil in its retirement options had forced him to choose early retirement and had retroactively limited his accrued right to accumulate a higher lump sum. This court held that the claimant had no standing to sue under ERISA because he was not a "participant" as defined in the statute. *Id.* at 474. Citing *Firestone's* requirement that a former employee have a "colorable claim to vested benefits," we stated that ERISA excludes "former employees who have received a lump-sum payment of all their vested benefits because " 'these erstwhile participants have already received the full extent of their benefits and are no longer eligible to receive future payments. These claimants seek a damage award, not vested benefits improperly withheld.' " *Id.* (quoting *Joseph v. New Orleans Elec. Pension*

*& Retirement Plan*, 754 F.2d 628, 630 (5th Cir.), *cert. denied*, 474 U.S. 1006, 106 S.Ct. 526, 88 L.Ed.2d 458 (1985)).

In this case, Mr. Boren does not claim to seek "vested benefits improperly withheld." He had no vested benefits because he was not enrolled in the Plan. Rather, Mr. Boren claims that Southwestern Bell should have enrolled him in the Plan because he was an "employee." This sort of claim is not within the jurisdictional grant of ERISA. We therefore affirm the district court's grant of summary judgment for the defendants on Mr. Boren's ERISA claim.

### III. THE CONTRACT CLAIM

■ Mr. Boren argues that, despite provisions in his series of contracts with Southwestern Bell which expressly declared that he was not an employee, he was in fact an employee under the provisions of the Southwestern Bell Pension Plan and under the common law. The parties devote substantial argument to the proper standard of review of this question in light of the Supreme Court's ruling in *Firestone*. *Firestone* states that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. at 115, 109 S.Ct. at 956. Mr. Boren argues that the terms of the Pension Plan do not give the administrator such authority, and Southwestern Bell and the Plan argue the contrary position. The district court appears to have decided the question *de novo* by interpreting the relevant agreements and the common law. We need not interpret the Pension Plan documents to determine which party is correct, because, even reviewing *de novo*, we must affirm the district court.

■ The Pension Plan contained its own definition of "employee," which read: "The word 'employees' shall mean those persons who receive a regular and stated compensation from the company other than a pension or retainer." Mr. Boren claims that, since

he falls within that definition, he has a right to pension benefits without regard to the terms of his service contracts. Mr. Boren argues that, under the common law, each of the two contracts must be construed independent of the other. The district court held, however, that Mr. Boren could not divorce the terms of the two contracts. We agree with the reasoning of the district court. Under the common law, the promise of a pension is a unilateral offer which an employee accepts by performing the work governed by his employment contract. *See Pratt v. Petroleum Prod. Mgmt. Employee Sav. Plan*, 920 F.2d 651 (10th Cir.1990); *Hoefel v. Atlas Tack Corp.*, 581 F.2d 1 (1st Cir.1978), *cert. denied*, 440 U.S. 913, 99 S.Ct. 1227, 59 L.Ed.2d 462 (1979) (applying Massachusetts law); *Hurd v. Illinois Bell Tel. Co.*, 234 F.2d 942, 946 (7th Cir.), *cert. denied*, 352 U.S. 918, 77 S.Ct. 216, 1 L.Ed.2d 124 (1956). However, the express terms of Mr. Boren's service contracts, in which he agreed that he was not considered an employee "for any purpose," prevent him from claiming that the work he performed for Southwestern Bell constituted an acceptance of the company's unilateral offer of pension benefits. Clearly, neither party intended Mr. Boren's work to constitute such an acceptance.

Mr. Boren also argues that, if common law tests are applied, he qualifies as an "employee" by virtue of the details of his relationship with Southwestern Bell. We need not review those details here, however, because we believe that the service contracts define the relationship of Mr. Boren and Southwestern Bell and determine their rights *inter se*. *See Board of Trade of Chicago v. Hammond Elevator Co.*, 198 U.S. 424, 437, 25 S.Ct. 740, 743, 49 L.Ed. 1111 (1905) (rights between parties may be fixed by contract, but contract may not determine rights of third parties).

Because we hold that Mr. Boren was not an employee of Southwestern Bell, we AFFIRM the holding of the district court.