Glenn **KUPER, et al., Plaintiffs,**

v.

**QUANTUM CHEMICAL CORPORATION, et al., Defendants.**

No. C–1–91–918.

United States District Court, S.D. Ohio, W.D.

June 21, 1993.

Russell A. Kelm, Juan Jose Perez, Marion H. Little, Jr., Schwartz, Kelm, Warren & Rubenstein, Columbus, for plaintiffs.

James Adams, Cincinnati, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court upon Defendants' motion for summary judgment (Doc. 43), Plaintiffs' "partial" memorandum in opposition thereto (Doc. 47), and Defendants' reply. (Doc. 50). In addition, Plaintiffs' opposing memorandum includes a motion pursuant to Fed.R.Civ.P. 56(f) for an extension of time to file an additional response to Defendants' summary judgment motion. (*See* Doc. 47, pp. 2–3).

### *Factual and Procedural Background*

Plaintiffs are former employees of the Emery Division ("Emery") of Quantum Chemical Corporation ("Quantum"), who participated in employer-sponsored stock ownership plans prior to Quantum's sale of the Emery Division. On December 27, 1991, Plaintiffs filed a purported "class action" complaint asserting various federal and state law claims against Defendants. (Doc. 1). On May 7, 1992, Plaintiffs moved for certification of a class. (Doc. 9).

On August 27, 1992, this Court issued an order granting judgment against Plaintiffs and in favor of Defendants, on statute of limitations and other grounds, as to all claims set forth in Plaintiffs' complaint *except* those brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101, *et seq.* (Doc. 30). Plaintiffs' ERISA claims are based upon the uncontested and significant "diminution in value" of Plaintiffs' Quantum stock over an 18 month period when such stock was held in employer-sponsored plans.

On November 3, 1992, the Court denied Plaintiffs' motion for class certification, based in part upon a potential conflict of interest of designated class counsel. 145 F.R.D. 80. (Doc. 35). On February 17, 1993, Plaintiffs filed a notice substituting new trial counsel on their behalf. (Doc. 44). Plaintiffs thereafter filed a renewed motion for class certification. (Doc. 45). Following a hearing on April 2, 1993, and finding that the substitution of counsel had removed "the former impediment," the Court certified the matter as a class action, defining the relevant class as follows:

> All persons who are former salaried employees of Quantum Chemical Corporation's ("Quantum") Emery Division between the dates of December 28, 1988 and November 1, 1990, inclusive ("the Class Period"), and who participated in Quantum's Savings and Stock Ownership Plan and/or Quantum's Employee Stock Ownership Plan ("ESOP").

(Doc. 49, p. 4).

On February 17, 1993, Defendants filed their motion for summary judgment as to Plaintiffs' remaining ERISA claims. (Doc. 43). Plaintiffs have filed a "partial" response, and have requested an additional ninety (90) days *after* the Court rules on Defendants' argument regarding Plaintiffs' standing to sue, to prepare a response to Defendants' claims regarding the scope of Defendants' fiduciary duties. (Doc. 47).

### *The Parties' Claims*

In support of their motion, Defendants set forth three purported bases for summary judgment in this matter: 1) that Plaintiffs, as former employees whose ESOP shares have been distributed or transferred from the relevant plan, are non-participants in the plan and therefore lack standing to maintain an action for damages under ERISA; 2) that all named Defendants either are non-fiduciaries under ERISA or were ERISA fiduciaries who lacked the duty or power to act as Plaintiffs claim they should have, and that Plaintiffs' ERISA claims against them thus must fail as a matter of law; and 3) that Plaintiffs were not terminated employees and therefore were not entitled under ERISA to an immediate lump sum distribution of assets.

In response, Plaintiffs argue that they seek not damages but increased benefits for the time during which they were plan participants, and that their action therefore is cognizable under ERISA. They further argue that their complaint sets forth a viable ERISA cause of action based upon the acknowledged plan fiduciaries' alleged failure to exercise due diligence, and that the "fiduciary" status of other Defendants implicates factual issues that require further discovery. They request additional time to complete such discovery.

## OPINION

### Standard of Review on Summary Judgment

The summary judgment procedure under Fed.R.Civ.P. 56 is designed to secure a just, speedy and inexpensive determination of any action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of any genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553.

The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)).

The function of the Court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson* at 249, 106 S.Ct. at 2511 (citing *Cities Serv.*, 391 U.S. at 288–289, 88 S.Ct. at 1592). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84, 87 S.Ct. 1425, 1427, 18 L.Ed.2d 577 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, 88 S.Ct. at 1593, judgment may be granted. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511.

### Standing Under ERISA

■ The question of Plaintiffs' standing under ERISA is a threshold issue that this Court must resolve before addressing the merits of Plaintiffs' asserted ERISA claims against Defendants. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118, 109 S.Ct. 948, 958, 103 L.Ed.2d 80 (1989); *see also Cromwell v. Equicor–Equitable HCA Corp.*, 944 F.2d 1272, 1282 (6th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992); *Kuntz v. Reese*, 785 F.2d 1410, 1411 (9th Cir.) *(per curiam)*, *cert. denied*, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986). This determination turns upon the deceptively complex question of whether Plaintiffs qualify as "participants" within the meaning of ERISA.

The ERISA statute provides that a participant in or a beneficiary of an employee benefit plan may maintain a civil action "to recover benefits ..., to enforce his rights ..., or to clarify his rights to future benefits" under the terms of such plan. 29 U.S.C. § 1132(a)(1)(B). The statute further defines a "participant" in an employee benefit plan as follows, in pertinent part:

> any employee *or former employee* of an employer ... who is or may become eligible to receive a benefit *of any type* from an employee benefit plan which covers employees of such employer ..., or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7) (emphasis added).

As regards former employees, the Supreme Court has interpreted ERISA to pro-

vide a cause of action to only those "who 'have ... a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to vested benefits." *Firestone*, 489 U.S. at 117, 109 S.Ct. at 958 (quoting *Kuntz*, 785 F.2d at 1411). "A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits ... simply does not fit within the [phrase] 'may become eligible.'" *Id.* at 118, 109 S.Ct. at 958 (brackets in original) (quoting *Saladino v. I.L.G.W.U. Nat'l Retirement Fund*, 754 F.2d 473, 476 (2d Cir.1985)).

Plaintiffs herein have no reasonable expectation of returning to the "covered employment," as their former employer—Quantum Chemical's Emery Division—no longer exists in that form. Plaintiffs therefore possess standing to bring an ERISA action only if they have "a colorable claim" to vested benefits under the terms of the former benefits plan. *Firestone*, 489 U.S. at 117, 109 S.Ct. at 958.

Decisions in several circuits have held that would-be ERISA claimants in circumstances comparable to those of Plaintiffs herein had no "colorable claim" and thus no standing to bring an ERISA action. In *Teagardener v. Republic–Franklin Inc. Pension Plan*, 909 F.2d 947 (6th Cir.1990), *cert. denied*, 498 U.S. 1027, 111 S.Ct. 678, 112 L.Ed.2d 670 (1991), the Court of Appeals for this Circuit found that the Plaintiffs, upon accepting an annuity representing "everything due them under the plan" when their participation terminated, had no further claim to any vested benefits, and thus lacked standing under ERISA. *Id.* at 952. In so holding, the Court adopted language used by the Fifth Circuit in *Joseph v. New Orleans Elec. Pension & Retirement Plan*, 754 F.2d 628 (5th Cir.), *cert. denied*, 474 U.S. 1006, 106 S.Ct. 526, 88 L.Ed.2d 458 (1985). *See Teagardener*, 909 F.2d at 952.

Acknowledging that a "participant ... must have either a present or a future right to benefits" under the applicable plan, the Fifth Circuit concluded in *Joseph* that the term "participant"

> excludes retirees who have accepted the payment of everything due them in a lump sum, because these erstwhile participants

have already received the full extent of their benefits and are no longer eligible to receive future payments. Such retirees have no present or future right to Plan funds and the Plan no longer has any obligation to these individuals.

*Id.*, 754 F.2d at 630. *See also Yancy v. American Petrofina, Inc.*, 768 F.2d 707, 709 (5th Cir.1985) [finding that plaintiff who accepted lump sum distribution of all benefits due him under terms of plan when he retired lacked standing under ERISA to challenge later plan change].

Similarly, in *Kuntz* [cited favorably by the Supreme Court in *Firestone, supra*] the Plaintiffs were former employees who had received lump sum distributions of their vested pension benefits prior to bringing suit under ERISA. After first deciding the ERISA standing issue in the Plaintiffs' favor, *see Kuntz v. Reese*, 760 F.2d 926 (9th Cir. 1985), the Ninth Circuit reconsidered and reversed its decision, determining that the *Kuntz* plaintiffs in fact lacked standing under ERISA. *Kuntz*, 785 F.2d at 1411.

Noting that the Plaintiffs alleged a breach of fiduciary duty rather than a miscalculation of their vested benefits, the Court in *Kuntz* concluded that, "if successful, the plaintiffs' claim would result in a *damage award, not* in an increase of vested *benefits.*" *Id.* (emphasis added). Although the Court previously had viewed Plaintiffs' damage claim as a claim for "a benefit of any type" within the meaning of 29 U.S.C. § 1002(7), *id.*, upon reconsideration, the Court was persuaded that such an interpretation "would have the effect of converting claims of all types, whether colorable or not, into 'potential benefits' within the meaning of ERISA." *Id.* at 1412. The Court therefore vacated its prior decision, and affirmed the district court's dismissal of the Plaintiffs' ERISA claims. *Id.*

Both the *Kuntz* and *Joseph* decisions have been cited with approval and/or followed by numerous other courts. *See, e.g., Berger v. Edgewater Steel Co.*, 911 F.2d 911, 922 (3d Cir.1990), *cert. denied*, 499 U.S. 920, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991) [citing *Kuntz* in holding that former employees who alleged no claim for benefits lacked ERISA

standing]; *Mitchell v. Mobil Oil Corp.*, 896 F.2d 463, 474 (10th Cir.1990), *cert. denied*, — U.S. —, 112 S.Ct. 1477, 117 L.Ed.2d 621 (1992) [citing *Kuntz* in holding that former employees who sought damage award after receiving lump sum payment of vested benefits lacked ERISA standing]; *Winchester v. Pension Comm. of Michael Reese Health Plan, Inc.*, 765 F.Supp. 424 (N.D.Ill.1990), *aff'd*, 942 F.2d 1190 (7th Cir. 1991); *Gilquist v. Becklin*, 675 F.Supp. 1168, 1171 (D.Minn.1987), *aff'd mem.*, 871 F.2d 1093 (8th Cir.1988) [citing *Kuntz* in holding that recipient of lump sum distribution lacked ERISA standing].

Plaintiffs herein, however, contend that their claims would not precluded by the holdings in *Teagardener, supra; Kuntz, supra; Joseph, supra; Yancy, supra;* or other, similar cases cited by Defendants. They argue that their situation is more akin to a Fifth Circuit decision rendered subsequent to *Joseph* and *Yancy*, wherein that Court permitted plaintiffs who had accepted a lump sum distribution of their vested benefits to nonetheless maintain an ERISA action. *See Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345 (5th Cir.1989).

In *Sommers*, the plaintiffs had received a lump sum distribution when their shares in a terminated benefit plan were liquidated, but sought to recover the difference between the price they received for their plan shares and the alleged fair market value of those shares at the time the shares were sold. In finding that the plaintiffs in *Sommers* had standing to maintain an ERISA action, the Court distinguished their claims from those in *Yancy* and *Kuntz*, where lump sum distributions to the plaintiffs had represented the full amount of the vested benefits due them under the then-existing terms of their respective plans. The Court reasoned that because the lump sum distribution to the *Sommers* plaintiffs allegedly represented *less* than the full value of their vested benefits at that time, the plaintiffs retained a claim "for an ascertainable amount" constituting "vested benefits," and thus qualified as "participants" for purposes of ERISA. *Id.* at 350.

The Ninth Circuit, too, has confirmed that its decision in *Kuntz* was not intended to foreclose all recipients of lump sum distributions of benefits from thereafter pursuing an ERISA claim. In *Amalgamated Clothing & Textile Workers v. Murdock*, 861 F.2d 1406 (9th Cir.1988), the plaintiffs were permitted to pursue an ERISA action, despite their receipt of all of their vested plan benefits in a lump sum distribution when the plan fiduciaries terminated the plan. The plaintiffs alleged that the plan termination and distribution were part of one fiduciary's scheme to convert "ill-gotten" surplus plan assets to his own use. Noting that "the *Kuntz* plaintiffs *did not* allege that the fiduciaries *personally profited* from a breach of their duty of loyalty to the plan," the Court held that:

> for the limited purpose of granting plan participants and beneficiaries standing to sue in cases such as this one, ill-gotten profits ... may be construed as equitably vested benefits under an ERISA plan. Even after plan participants and beneficiaries have received their actuarially vested benefits from the plan, the plan should be viewed as continuing to exist for the purpose of distributing the equitably vested benefits.

*Id.*, 861 F.2d at 1419. The Court therefore concluded that the plaintiffs in *Amalgamated* did have standing to bring an ERISA action.

As Defendants correctly note, the facts in *Amalgamated* are distinguishable from those in the instant case, as Plaintiffs here do not allege that self-serving reasons motivated the plan fiduciaries' alleged failure to exercise due diligence. (*See* Doc. 50, p. 10). Indeed, the Court in *Teagardener* drew the same distinction. *Id.*, 909 F.2d at 952. Nevertheless, the decisions in *Sommers, supra*, and *Amalgamated, supra*, do signify that the Fifth and Ninth Circuit Courts of Appeal— the two courts responsible for the leading cases relied upon by Defendants—did *not* intend the *Kuntz* and *Joseph* decisions to dictate that receipt of vested benefits automatically divests a plan participant of ERISA standing.

■ After careful consideration, this Court determines that the approach taken in the *Sommers* and *Amalgamated* decisions, *su-*

*pra,* is consistent with the Supreme Court's decision in *Firestone,* 489 U.S. 101, 109 S.Ct. 948, as well as with the decision in *Teagardener,* 909 F.2d 947, the leading case in this Circuit. The Sixth Circuit Court of Appeals' somewhat cursory discussion of the standing issue in *Drennan v. General Motors Corp.,* 977 F.2d 246, 250 (6th Cir.1992) lends further support to this conclusion. Even where claimants have accepted lump sum distributions of their vested benefits, such distributions are not dispositive of their status as plan "participants." The question of their standing to pursue an ERISA action still requires a fact-intensive inquiry into the existence of "a reasonable expectation of returning to covered employment" or "a colorable claim to vested benefits." *Firestone,* 489 U.S. at 117, 109 S.Ct. at 958.

As to the instant action, the Court shares Defendants' view that Plaintiffs' claim for "increased benefits" is little more than a semantically-enhanced demand for money damages. (*See* Doc. 50, pp. 2–3). Nevertheless, given that the very basis of Plaintiffs' complaint is that the distribution of their ESOP shares did *not* represent "everything due them under the plan" when their participation terminated, *see Teagardener,* 909 F.2d at 952, Plaintiffs' claim does appear to be more factually analogous to the claim allowed in *Sommers, supra,* than to that disallowed in *Teagardener, supra.* Accordingly, the Court finds that, despite their receipt of all of their ESOP shares from Quantum's benefit plan, Plaintiffs herein do retain at least a "colorable" claim to a "benefit" of *some* type under the plan. *See Firestone,* 489 U.S. at 117, 109 S.Ct. at 958; 29 U.S.C. § 1002(7). In so finding, the Court specifically refrains from making any determination regarding the merits of any of Plaintiffs' ERISA claims, holding only that the preferable course under these circumstances is to recognize Plaintiffs' standing to present their ERISA claims.

### *Plaintiffs' Motion for Extension of Time*

In light of the Court's conclusion that Plaintiffs do have standing to pursue an ERISA action, the Court is amenable to granting Plaintiffs some additional time to respond to Defendants' remaining summary judgment arguments. The Court finds, however, that the ninety (90) days requested by Plaintiffs is excessive, as Defendants' purely legal arguments regarding the scope of fiduciary duty do not appear to warrant the extensive discovery efforts that Plaintiffs' motion intimates will be necessary in order to prepare a response. Accordingly, the Court will permit Plaintiffs twenty (20) days from the date of this order to file any additional response in opposition to Defendants' motion for summary judgment.

**IT THEREFORE IS ORDERED** that Defendants' motion for summary judgment (Doc. 43) hereby is DENIED in part, to the extent that it seeks a determination that Plaintiffs lack standing to maintain an ERISA action. The Court withholds judgment regarding Defendants' remaining asserted grounds for summary judgment, pending Plaintiffs' filing of any additional response.

**IT FURTHER IS ORDERED** that Plaintiffs' motion for an extension of time pursuant to Fed.R.Civ.P. 56(f) (Doc. 47) hereby is GRANTED in part and DENIED in part. Said motion is DENIED to the extent that it seeks an additional ninety (90) days to file a response, but is GRANTED to permit Plaintiffs an additional twenty (20) days from the date of this order to file any additional response to Defendants' motion for summary judgment.

IT IS SO ORDERED.