Kalunza WINCHESTER, Plaintiff,

v.

PENSION COMMITTEE OF MICHAEL REESE HEALTH PLAN, INCORPORATED PENSION PLAN, Defendant.

No. 89 C 3343.

United States District Court,
N.D. Illinois, E.D.

Feb. 13, 1990.

Reconsideration Denied March 1, 1990.

J. Peter Dowd, Deborah Nutley, Chicago, Ill., for plaintiff.

Eric A. Oesterle, Roger K. Heidenreich, Leslie J. Khoshaba, Sonnenschein, Carlin, Nath & Rosenthal, Daniel K. Ryan, Linda K. Horras, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendant.

ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, Pension Committee of Michael Reese Health Plan (Michael Reese), for summary judgment. For the following reasons, the court grants the motion.

Plaintiff, Kalunza Winchester, brings this suit under the civil enforcement provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132 (1982). Plaintiff alleges that, in 1986 and again in 1988, she requested pension information from Michael Reese, but defendant has yet to provide it. Plaintiff seeks damages under subsection § 1132(c) (Supp. 1986), which allows for a $100.00 a day penalty against a plan administrator for failure to comply with a request for information.

■ In order to bring suit under this section, the plaintiff must be a participant or beneficiary under the plan. 29 U.S.C. § 1132(a)(1)(A). Michael Reese moves for summary judgment on the basis that plaintiff lacks standing to bring this suit as she is neither a participant nor a beneficiary. Plaintiff does not assert that she is a bene-

ficiary. Plaintiff's Complaint, p. 2, par. 3. Therefore, the sole issue before the court is whether plaintiff is a participant within the scope of ERISA.

"The term 'participant' means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C.A. § 1002(7) (Supp.1989).

In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Court determined that;

> [T]he term 'participant' is naturally read to mean either 'employees in, or reasonably expected to be in, currently covered employment ... or former employees who 'have ... a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to vested benefits."

109 S.Ct. at 958. The Court went on to hold;

> A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the phrase 'may become eligible'.

*Id.*

Both plaintiff and defendant base their arguments solely upon on *Firestone*. Plaintiff attempts to show she meets the criterion to be a participant by raising two arguments. First, plaintiff claims that she has a reasonable expectation of returning to covered employment, due to a pending EEOC discrimination claim. However, given the tenor of the relationship between plaintiff and her employer, the mere possibility of prevailing in a law suit and plaintiff's speculative prospect of returning to employment is not a "reasonable expectation of returning to covered employment". *See, Buchanan v. J.R. Foster Electric Co.*, No. 89 C 4711, 1989 WL 157340 (December 20, 1989 N.D.Ill.). This is especially true in this case, where the EEOC has already determined that there is insufficient evidence of discrimination to establish a violation of Title VII.

■ Plaintiff also alleges she is a participant because she had a colorable claim to vested benefits in 1986. Instructive on this point is plaintiff's own language. Plaintiff consistently states that she *had* a colorable claim to vested benefits prior to the payment of those benefits on July 18, 1986. However, the language of the *Firestone* decision uses the present tense "have" or "has". *Id.* The *Firestone* decision clearly contemplates a situation where former employees, who are currently entitled to vested benefits, are allowed to bring an action to collect them. *See, In re White Motor Corp.*, 99 B.R. 783 (Bkrtcy.N.D.Ohio 1989) ("participant", by definition, is limited to claimants who have a colorable claim to vested benefits). Plaintiff admits she has received the full amount of benefits to which she is due. Plaintiff's Response to Request to Admit Facts, p. 1, par. 1. Although plaintiff may have, at one time, had a colorable claim to vested benefits, she relinquished standing to bring suit on those benefits when she accepted payment of benefits in full. *Kuntz v. Reese*, 785 F.2d 1410 (9th Cir.1986), *cert. denied*, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986). Last, plaintiff is not a participant for a more fundamental reason. *Firestone* defines "participant", in part, as a former employee who has a colorable claim to vested *benefits. Id.* (Emphasis added). Although plaintiff consistently refers to the penalty sought as a "benefit", the court cannot find, nor has plaintiff cited, any authority identifying penalties under 29 U.S.C. § 1132(c) as being "benefits". Plaintiff is not seeking benefits due to her under the pension plan, but rather an additional amount, under 29 U.S.C. § 1132(c), for alleged delay by Michael Reese in providing information. Such amounts are not vested benefits, but damages. *See, Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan*, 883 F.2d 345 (5th Cir.1989). Plaintiff here does not

show a colorable claim to any type of vested "benefit".

Accordingly, the court finds that plaintiff lacks standing to bring this suit and therefore grants defendant's motion for summary judgment[1].

IT IS SO ORDERED

---

1. As this determination is sufficient to dismiss this suit for lack of standing, the court need not address the defendant's second argument, the defense of laches.