**Young RHEE, Plaintiff,**

v.

**WITCO CORPORATION, formerly known as Witco Chemical Corporation, Defendant.**

**No. 89 C 2234.**

United States District Court, N.D. Illinois, E.D.

March 14, 1991.

---

Michael K. Havrilesko, Havrilesko & Associates, Rockford, Ill., for plaintiff.

Howard Schusteff, Niles, Ill., Robert Stephen Minetz, Cowan & Minetz, Chartered, Chicago, Ill., for defendant.

NORGLE, District Judge.

## ORDER

Before the court is defendant Witco Corporation's motion to dismiss plaintiff's amended complaint, pursuant to Fed.R. Civ.P. 12(b)(6). For the reasons discussed below, the motion is granted.

## FACTS

Plaintiff Young Rhee ("Rhee") was employed for 21 years by defendant Witco Corporation ("Witco") and its predecessor, at a company facility in Lemont, Illinois. Sometime in 1985, Witco sold its Lemont facility and allegedly promised to retain Rhee at it's Blue Island, Illinois facility. On July 31, 1985, Witco discharged Rhee and informed him that he was to work for the new owners of the Lemont facility rather than to continue with Witco at Blue Island.

At the time of his discharge, Rhee was a participant in Witco's employee benefit plans, in which he had accrued 21 years of service credits. Rhee alleges that Witco discharged him in order to save itself the "expense of continuing said benefits for Plaintiff and paying said benefits to Plaintiff." Amended Complaint, ¶ 14. Rhee claims that by discharging him for this reason, Witco caused him to lose service related benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Rhee also alleges that Witco is liable to him for statutory penalties under ERISA because it failed fully to comply with his requests for plan documents.

## DISCUSSION

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). However, the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint. *Coates v. Illinois State Board of Education*, 559 F.2d 445, 447 (7th Cir.1977). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or

inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.,* 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.,* 795 F.2d 591, 594 (7th Cir.1986).

Witco's motion to dismiss contains numerous arguments attacking various aspects of Rhee's amended complaint. One of Witco's arguments is that Rhee's amended complaint fails to allege facts sufficient to establish his standing to invoke the provisions of ERISA. Because the court finds the standing issue dispositive, it does not address any of the other issues raised in Witco's motion to dismiss.

The statutory provision upon which Rhee bases his amended complaint is 29 U.S.C. § 1132(a)(1)(B). *See* Amended Complaint, ¶ 8. This provision states:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought—
>
> (1) by a participant or beneficiary—
>
> . . . .
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....

29 U.S.C. § 1132(a). Witco argues that Rhee lacks standing to file this ERISA claim because he is not presently a "participant or beneficiary" in a Witco ERISA plan. Because Rhee has never alleged that he is or was a "beneficiary" under ERISA, the issue here is only whether Rhee is a "participant" as defined by ERISA. A "participant" is defined in ERISA as:

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such orga-

nization, or whose beneficiaries may be eligible to receive any such benefit. 29 U.S.C. § 1002(7). This statutory definition has been interpreted by the Supreme Court in *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). In that opinion the Court stated:

> In our view, the term "participant" is naturally read to mean ... former employees who "have ... a reasonable expectation of returning to covered employment" or who have "a colorable claim" to vested benefits [citation omitted].... A former employee who has neither a reasonable expectation of returning to covered employment nor a colorable claim to vested benefits, however, simply does not fit within the [phrase] 'may become eligible' " [citation omitted].

489 U.S. at 117–118, 109 S.Ct. at 957–958.

■ In the present case, Rhee is a former employee who has neither a reasonable expectation of returning to covered employment, nor a colorable claim to vested benefits. First, Rhee does not seek to return to work with Witco. Instead, he asks the court to require Witco "to include and/or reinstate Plaintiff *for purposes of accruing service credits* as a participant in the above mentioned benefit plans from 7–31–85" (emphasis added). Amended Complaint, p. 4. In other words, Rhee does not want to "return to covered employment"; he wants only to obtain the benefits he would have accrued had he continued to work at Witco. Thus, Rhee has failed to allege, either directly or inferentially, that he has a reasonable expectation of returning to covered employment.

■ Second, Rhee has not established that he has a colorable claim to vested benefits. He does not allege that Witco failed properly to compute or distribute the vested benefits which he had accrued prior to his discharge. Rather, he merely claims, in essence, that his discharge prevented him from earning additional future benefits to which he would ultimately have been entitled had he remained employed by Witco. Rhee also argues that he is entitled to statutory damages due to Witco's alleged

failure to comply fully with all of Rhee's requests for plan documents. However, neither Rhee's asserted claim to future unearned benefits, nor his asserted claim for statutory damages constitutes a "colorable claim to *vested* benefits."

The unearned benefits to which Rhee claimed a future expectation, cannot be viewed as "vested" under any reasonable definition of the word. The common definition of the word "vested" is:

> Fixed; accrued; settled; absolute. Having the character or given the rights of absolute ownership; not contingent.... To be "vested," a right must be more than a mere expectation based on an anticipation of the continuance of an existing law.... Said of pension plan benefits that are not contingent on the employee continuing to work for the employer.

Black's Law Dictionary 1401 (5th Ed.1979). Under this definition, only the benefits which Rhee had earned prior to his discharge on July 31, 1985, could be deemed "vested." These benefits represent earned credits to which Rhee's rights were fixed; in other words, Witco would be obligated to distribute these benefits to Rhee even after his termination. If Witco miscalculated these benefits, or failed to distribute them to Rhee, Rhee would have a "colorable claim to vested benefits," and consequently, would have standing to sue under ERISA.

However, the future benefits to which Rhee claims an interest are benefits yet unearned by him. Rhee's claim is nothing more than "a mere expectation based on an anticipation" of benefits which Rhee may have earned had he remained employed at Witco.[1]

■ Similarly, Rhee's claim for statutory damages does not provide Rhee with a basis to assert ERISA standing because a damage claim does not constitute a "colorable claim for vested benefits." *Kuntz v. Reese*, 785 F.2d 1410 (9th Cir.) (*per curiam*), cert. denied, 479 U.S. 916, 107 S.Ct. 318, 93 L.Ed.2d 291 (1986); *see also Winchester v. Pension Committee of Michael Reese Health Plan*, No. 89 C 3343, slip op. at 3–4 (N.D.Ill. February 13, 1990).

Rhee's only response to Witco's argument that he is not a "participant" under ERISA is that the court must "accept as true the Plaintiff's well-pled fact that he was a participant in the Defendant's employee benefit plans." Plaintiff's Response to Defendant's Motion to Dismiss, p. 5 (unnumbered). This argument fails because Rhee's assertion that he was a "participant" is not a fact allegation at all; it is a conclusion of law.[2] None of the facts alleged by Rhee in his amended complaint directly or inferentially support the conclusion that Rhee is a "participant" under ERISA.

Further, the court notes that Rhee's amended complaint fails even to allege that Rhee is presently a "participant" in a Witco benefit plan for the purposes of standing. Rather, Rhee alleges only that he *was* (previously) a participant in Witco's ERISA plans. *See* Amended Complaint, ¶¶ 6, 7. This allegation proves too little. The issue is not whether Rhee used to be a participant in Witco's employee benefit plans (all former employees who had vested in a qualified benefit plan when they were employed could allege this fact). Rather, the issue is whether Rhee is presently a participant for the purposes of standing. *See Winchester v. Pension Committee of Michael Reese Health Plan*, No. 89 C 3343, slip. op. at 3 (N.D.Ill. February 13, 1990) (allegations that plaintiff formerly "had" a colorable claim to vested benefits were insufficient to meet the *Firestone* requirement that former employees presently "have" such a claim). Having failed to

---

1. The court notes that if future, unearned benefits were to be deemed "vested benefits" under ERISA, all individuals fired from jobs with qualified employee benefit plans would arguably have standing to sue under ERISA for future benefits lost because of their discharge.

2. Whether Rhee qualifies as a "participant" under ERISA is a conclusion of law, as this issue *requires the application of a statutory definition* to a set of alleged facts. Thus, to support the claim that he is a "participant" under ERISA, Rhee must allege facts which satisfy the tests set forth in 29 U.S.C. § 1002(7) and *Firestone Tire.*

allege that he is presently a "participant" as defined by ERISA, Rhee has not established that he has standing to bring this suit.

## CONCLUSION

For the reasons stated above, the amended complaint fails to allege facts necessary to support the assertion that plaintiff is a benefit plan "participant" within the meaning of ERISA. Accordingly, defendant's motion to dismiss for lack of standing is granted.

IT IS SO ORDERED.