

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2004

# Ericson v. Greenberg Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4879

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Ericson v. Greenberg Co" (2004). *2004 Decisions*. Paper 55.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/55

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 03-4879

_____

MONIQUE M. ERICSON,
                              Appellant

v.

GREENBERG & COMPANY, P.C.;
GREENBERG & COMPANY 401(K) PROFIT SHARING PLAN;
MARK Z. GREENBERG, an individual

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 02-cv-00343)
District Judge: Honorable Christopher C. Conner

_____

Submitted Under Third Circuit LAR 34.1(a)
on December 6, 2004

Before:  RENDELL, FISHER and YOHN*, <u>Circuit</u> <u>Judges</u>.

(Filed:  December 20, 2004)

_____

OPINION OF THE COURT

_____

_____

    *  Hon. William H. Yohn, Senior Judge of the United States District Court for the
       Eastern District of Pennsylvania, sitting by designation.

RENDELL, Circuit Judge.

Monique Ericson appeals the District Court's dismissal of her claims under the Employee Retirement Income Security Act ("ERISA") for lack of subject matter jurisdiction. The District Court ruled that because Ericson was not a "participant" in the profit sharing plan created by her employer, Greenberg & Company, P.C., at the time she filed her complaint, she lacked standing to pursue her claims under ERISA. Our jurisdiction over this appeal from a final decision of the District Court is pursuant to 28 U.S.C. § 1291. For the reasons set forth below, we will affirm.

I.

As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to this appeal. Ericson began her employment with Greenberg & Company, P.C. ("Company") in November 1997. Shortly thereafter, the Company established a 401(k) qualified profit sharing plan ("Plan") governed by ERISA. The Plan established a trust fund and named Mark Greenberg, the President and Chief Executive Officer of the Company, as administrator of the Plan and trustee of the fund. Employees who participated in the Plan could elect to contribute up to 10% of their salary into the fund for Greenberg's investment on their behalf. The Plan required that Greenberg deposit all participant contributions into the trust fund within 90 days of their receipt. The Plan provided that the Company, in its discretion, could make matching contributions on behalf of the participants up to the amount of each participant's contribution.

2

Matching contributions were required to be deposited into the fund at the end of the calendar year in which the participant made the contributions. The Plan required that Greenberg, as trustee, invest the fund for the benefit of the participants, but allowed him discretion in deciding how the fund would be invested. Greenberg elected to invest the proceeds of the fund in a money market account that was expected to earn an average annual return of approximately 5%.

Ericson elected to participate in the salary reduction arrangement offered under the Plan. In 1997, Ericson's salary was reduced in accordance with her election, and Greenberg deposited the contributions into the Plan's money market account within 90 days of their receipt. Greenberg deposited the Company's matching contribution on Ericson's behalf into the account by the end of the calendar year 1997. The Company followed this procedure for the contributions made by other employees in 1997.

In 1998 and 1999, Ericson's salary was reduced in accordance with her participation in the Plan. However, instead of depositing Ericson's and other employees' contributions into the money market account, Greenberg placed the contributions in the Company's general accounts. When Ericson resigned from the Company in November 1999, she requested that the portion of the trust fund representing her contributions, the Company's matching contributions, and any interest that had accrued on those amounts be transferred into an individual IRA rollover account. The Plan required Greenberg to distribute the amounts to which Ericson was entitled within 60 days after the end of the

3

calendar year in which her employment terminated.

On January 6, 2000, Greenberg deposited $31,419.39 from the Company's general accounts into the Plan's money market account. This sum represented the contributions that all the participants made in 1998 and 1999 and the interest that would have accrued on them had they been deposited in a money market account within the appropriate time of their receipt. On January 26, 2000, Ericson, through her attorney, made a written request to the Company to turn over her funds. On February 9, 2000, Greenberg transferred $10,076.33 from the money market account into an individual IRA rollover account in Ericson's name. This sum represented the salary reduction contributions Ericson made in 1997, 1998, and 1999, the Company's matching contribution from 1997, and the interest that would have accrued on the amounts had Greenberg placed the funds in a money market account on their receipt.

In March 2002, Ericson filed suit, alleging that Greenberg had breached his duty as trustee of the fund. She asserted that she was owed $2,571.67, which represented the amount in interest that would have accrued on her contributions if they had been invested in an index fund tracking the performance of the S&P 500 instead of in the money market account. In addition, Ericson sought several statutory penalties provided under ERISA, including $109,500.00 for Greenberg's failure to provide her with documentation of the account within 30 days of her request and $500,000.00 for Greenberg's failure to provide her with Summary Annual Reports from 1997 through 2001, and attorney's fees of

4

approximately $100,000.00.

After a one-day bench trial, the District Court found that at the time she filed her complaint, Ericson did not meet the statutory definition of "participant" as it is defined in ERISA. Because ERISA limits the ability to file suit under its provisions to "participants," the District Court dismissed the case for lack of subject matter jurisdiction.

II.

On appeal, Ericson maintains that because she had a colorable claim to benefits at the time she filed the complaint, she fell into the ERISA definition of a "participant" in the Plan and, therefore, the District Court had subject matter jurisdiction over her claim. When a district court conducts a non-jury trial, we "review the District Court's findings of fact for clear error." In re Unisys Sav. Plan Litig., 173 F.3d 145, 149 (3d Cir. 1999). Our review of a district court's application of legal precepts to the facts is plenary. Id. "It is not enough to reverse the District Court that we might have appraised the facts somewhat differently. If there is warrant for the action of the District Court, our task on review is at an end." Matter of Penn Cent. Transp. Co., 596 F.2d 1127, 1140 (3d Cir. 1979) (quoting Group of Inst'l Inv. v. Chicago, M., St. P. & P.R. Co., 318 U.S. 523, 564 (1943)).

Section 502(a)(1) of ERISA limits the authority to bring a civil action under its provisions to individuals who qualify as a "participant" in the profit sharing plan.[1]   29

---

[1]Section 502(a) additionally provides a cause of action for a "beneficiary" of the plan. However, neither side has maintained that Ericson meets this designation.

5

U.S.C. § 1132(a)(1). Section 3(7) of ERISA defines "participant" to mean "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer ." 29 U.S.C. § 1002(7). The District Court found that because Ericson had already received the benefits she had accrued under the Plan, she was not "eligible to receive a benefit" at the time she filed her complaint and could not be characterized as a "participant."

The Supreme Court has interpreted "participant" under ERISA to include former employees who have "a colorable claim" to vested benefits. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989) (citing Kuntz v. Reese, 785 F.2d 1410, 1411 (1986)). The Court stated, inter alia, that a claimant must have a colorable claim that he will prevail in a suit for benefits. Id. at 117; see also Miller v. Rite Aid Corp., 334 F.3d 335, 342 (3d Cir. 2003). Ericson urges that a plaintiff has a "colorable claim" to benefits when there is a non-frivolous good faith claim to benefits. "[J]urisdiction depends on an arguable claim, not on success." Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786 (7th Cir. 1996). We find that Ericson has failed to establish a colorable claim to benefits.

Ericson filed suit nearly two years after the Company paid her the benefits to which she was entitled under the Plan. At trial, Ericson testified that she received the full amount of her contributions, the Company's matching contributions, and the interest that would have accrued on those amounts if the Company had invested the funds in a money market account at the appropriate times. Furthermore, the District Court concluded, and

6

we agree, that Ericson failed to establish that Greenberg breached the prudent man standard of care of 29 U.S.C. § 1104(a)(1)(B).  For these reasons, we find that Ericson did not have a colorable claim to benefits from the Plan at the time she filed her complaint and, therefore, could not be characterized as a "participant."[2]

Accordingly, we will AFFIRM the District Court's dismissal for lack of subject matter jurisdiction.

---

[2] Regarding Appellant's argument that the District Court's denial of Defendants' motion seeking attorney's fees was an acknowledgment that Plaintiff's claim was non-frivolous, made in good faith, and, therefore, colorable, we note simply that the District Court's decision regarding the award of attorney's fees is a discretionary one, requiring the consideration of a number of factors and policies.  As such, this decision is a wholly separate inquiry from whether Appellant's claim was colorable, and we find nothing inconsistent with the District Court's separate conclusions that Appellant lacked a colorable claim and that Appellees were not entitled to attorney's fees.

Additionally, regarding Appellant's argument that Greenberg violated ERISA's fiduciary standard for failing to make timely contributions to the Plan on Appellant's behalf and instead paying the owed benefits out of other business accounts after Appellant's termination of employment, we agree with Appellant's concession that this issue is "of limited relevance on the question of subject matter jurisdiction which is now sub judice" and, consequently, we do not reach it.