Donna Y. PERIGO, et al., Plaintiff,

v.

Terrence L. HOFFER, M.D., et al., Defendants.

No. CIV.S–04–1964 FCD DA.

United States District Court, E.D. California.

Jan. 13, 2005.

Jeffrey S Salisbury, Law Offices of Jeffrey S Salisbury, Eugene, OR, for plaintiff.

## MEMORANDUM AND ORDER

DAMRELL, District Judge.

This matter is before the court on defendants Terrence L. Hoffer, M.D., Terrence L. Hoffer, M.D. Inc. Profit Sharing Plan, and Terrence L. Hoffer, M.D., a professional corporation's (collectively, "defendants") motion to dismiss plaintiff Donna Y. Perigo's complaint against them.[1] Fed. R.Civ.P. 12(b)(6). For the reasons set forth below, the court DENIES defendants' motion.

## BACKGROUND

Plaintiff worked for defendants for approximately 18 years as a nurse and doctor's assistant. (Compl., filed Sept. 21, 2004, ¶ 7.) Toward the end of plaintiff's employment, the firm's pension plan consisted heavily of stock in a small oil drilling company, Arena Resources, Inc. ("Arena"). (*Id.* at ¶ 13.) The stock was carried on defendants' books at $1.75 per share, yet at the time plaintiff retired, the shares traded publicly at $4.50 per share. (*Id.* at ¶ 14.) Defendants, however, allegedly ignored this fact and paid out plaintiff's retirement distribution benefit on the basis of their own, self-serving, $1.75 per share valuation. (*Id.*) Plaintiff was paid her lump sum retirement benefit on September 23, 2003 in the amount of $74,954.50. (*Id.* at ¶ 17.)

Plaintiff alleges that as a result of defendants' valuation of the Arena stock, defendants were unduly enriched at plaintiff's expense by approximately $97,000.00; said monies they kept for themselves as defendant Dr. Hoffer was, by far, the largest remaining pension plan participant. (*Id.* at ¶s 15, 16.) Thereafter, plaintiff alleges defendants ignored plaintiff's repeated requests for information which she needed to understand defendants' miscalculation. (*Id.* at ¶ 25.)[2]

## STANDARD

On a motion to dismiss, the allegations of the complaint must be accepted as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is

---

1. Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78–230(h).

2. The court does not rule on plaintiff's objection to defendants' exhibits submitted on the motion because resolution of the motion does not depend on the exhibits.

bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. *See id.*

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters,* 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986).

## ARGUMENT

### 1. *Standing*

Relying on *Kuntz v. Reese,* 785 F.2d 1410 (9th Cir.1986), defendants argue that plaintiff has no standing to bring the instant lawsuit because plaintiff retired and requested and received a full distribution of her vested account balance *before* filing suit, and thus, she is no longer a "participant" of the plan. In *Kuntz,* the court found that the plaintiffs therein, whose vested benefits had been distributed in a lump sum, were no longer plan participants and as such, lacked standing to

bring fiduciary breach and statutory damages claims. *Id.* at 1411.

*Kuntz,* however, is inapplicable here because this case falls within a well-recognized exception to the *Kuntz* doctrine. In *Amalgamated Clothing v. Murdock,* 861 F.2d 1406, 1418–19 (9th Cir.1988), the Ninth Circuit rejected *Kuntz* where a plan fiduciary profits by breaching his duty of loyalty and where a disgorgement of the ill-gotten gains is the only means available to deny the fiduciary his profits.

A fiduciary should not be allowed to keep ill-gotten profits simply because plan participants and beneficiaries have been paid their actuarially vested plan benefits. This is particularly true when, as in this case, plaintiffs allege that the payment of plan benefits was part of the fiduciary's scheme to misuse plan assets and profit from that abuse.

*Id.* at 1418. The court stated that were it to find otherwise "then fiduciaries may misuse ERISA plan assets and-by paying benefits and terminating the plan-personally profit from their breach of the duty of loyalty and insulate themselves from liability.... *Kuntz* does not approve such a result." The court therefore held that despite the previous distribution of plaintiffs' actuarially vested benefits, plaintiffs had standing to sue under these facts. *See also accord Waller v. Blue Cross of California,* 32 F.3d 1337, 1339 (9th Cir.1994) ("We agree with plaintiffs, however, that they have standing to pursue the equitable remedy of a constructive trust to distribute defendants' allegedly ill-gotten profits to the former participants and beneficiaries of the Plan"); *Werner v. Morgan Equip. Co.,* 1992 WL 453355, *3 (N.D.Cal.1992).

█ Similarly, here, plaintiff alleges defendants were fiduciaries through their roles as trustee, administrator and controlling employer of the profit sharing plan. (Compl., ¶s 1–3.) She alleges defendants

personally sought to profit by breaching their duty of loyalty in grossly undervaluing the Arena stock. (*Id.* at ¶ 14–16.) Plaintiff prays for the equitable remedy of disgorgement of defendants' ill-gotten gains. (*Id.* at ¶ 22; Prayer for Relief ¶ "A.") These allegations place the case within the parameters of *Murdock.*

Defendants' interpretation of *Murdock,* as applying only where *the employer* forces plan termination, is unavailing. *Murdock* 's holding is dependent on two facts: (1) that an ERISA fiduciary profits from his breach of the duty of loyalty and (2) that imposing a constructive trust on the ill-gotten gains is the only means to deny the fiduciary his profits. 861 F.2d at 1408. Both such facts are adequately alleged here.

### 2. *Relief Sought*

■ Defendants next attack the complaint on the ground that plaintiff seeks impermissible, *individual* relief, rather than relief on behalf of the entire plan. Under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), only plan-wide relief is allowed. Defendants would be correct were plaintiff seeking relief under § 502(a)(2), however, she is not. Rather, plaintiff seeks individual relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), under which courts have permitted individual recovery. Said section provides:

> A civil action may be brought . ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan or (B) to obtain *other appropriate relief (i) to redress such violations* or (ii) to enforce any provisions of this subchapter or the terms of the plan.

In *Varity Corp. v. Howe,* 516 U.S. 489, 510, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996), the Supreme Court made clear that subsection (3) of § 502(a) is "broad enough to cover individual relief for breach of a fiduciary obligation." The court cautioned only that, in granting *"appropriate"* equitable relief, courts should keep in mind the "special nature and purpose of employee benefit plans and ... respect the policy choices reflected in the inclusion of certain remedies and the exclusion of others." *Id.* at 515, 116 S.Ct. 1065 (internal quotations and citations omitted.) "Thus, ... where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.' " *Id.*

Accordingly, there is no basis to dismiss plaintiff's request for individual relief. Whether plaintiff is ultimately entitled to such relief is not for decision on this motion.[3]

### 3. *Request for Documents Claim*

■ Defendants lastly move to dismiss plaintiff's second claim for relief for statutory penalties for failure to produce plan documents on request. Defendants *acknowledge* that the complaint alleges plaintiff requested plan documents. They nonetheless move to dismiss, arguing that plaintiff should have alleged her claim with more particularity, namely, that her request was made in writing. This argument is unpersuasive in light of the liberality of the Federal Rules of pleading. Fed. R.Civ.P. 8(a). Plaintiff does not assert any claim subject to a heightened pleading standard (*e.g.* a fraud claim). Rather, here, the standard of notice pleading applies, and plaintiff has met her obligations.

3. Defendants' arguments in this regard, made in the reply, are more properly considered on a motion for summary judgment.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.