135 F.3d 760
 PENTAX CORPORATION, Asahi Optical Co., Ltd., and Asahi
Optical (International), Ltd., Plaintiffs-Appellants,
v.
Lewellyn ROBISON, Area Port Director, Portland, Oregon,
United States Customs Service, and The United
States, Defendants-Appellees.
 No. 96-1320.
 United States Court of Appeals,
Federal Circuit.
 Jan. 29, 1998.
 
 Charles H. Bayar, New York City, for plaintiffs-appellants.
 Kenneth M. Dintzer, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendants-appellees. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and A. David Lafter, Senior Trial Counsel. Of counsel on the brief were Saul N. Perla, Kathleen Bucholtz, and Dyann Medina, Associate Chief Counsel, United States Customs Service, Chicago, IL. Of counsel was Elizabeth W. Newsom, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.
 Before RICH, SCHALL, and BRYSON, Circuit Judges.
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 On September 17, 1997, this court reversed the decision of the United States Court of International Trade in this mismarking case, which involved the importation of camera equipment manufactured in the People's Republic of China but marked as originating from Hong Kong. See Pentax Corp. v. Robison, 125 F.3d 1457, 1458, 1460 (Fed.Cir.1997).[1] The Court of International Trade had held that violations of 19 U.S.C. § 1592 resulted in approximately $5.2 million in "actual loss of marking duties" under 19 U.S.C. § 1304(f) and that Pentax Corporation ("Pentax") had to tender this $5.2 million to qualify for prior disclosure treatment under 19 U.S.C. § 1592(c)(4). Id. at 1458.
 
 
 2
 In addressing the appeal, we first determined that this court had jurisdiction pursuant to 28 U.S.C. § 1292 and that the Court of International Trade had properly exercised jurisdiction pursuant to 28 U.S.C. §§ 1582(1) & (3). Id. at 1462. Reaching the merits, we concluded that Pentax, Asahi Optical Co., Ltd., and Asahi Optical (Int'l), Ltd. (collectively "plaintiffs") were "not required to tender the 10 percent ad valorem marking duties that arise under section 1304(f) to receive prior disclosure treatment."[2] Id. at 1463. We construed the causation requirement in 19 U.S.C. § 1592(d),[3] which permits Customs to recover unpaid marking duties after liquidation is final, "as requiring nothing less than but-for causation." Pentax, 125 F.3d at 1463. We held that the government was not deprived of the 19 U.S.C. § 1304(f) ad valorem duties "as a result of the section 1592(a) violation" as required by section 1592(d). Id. We found the but-for causation requirement of § 1592(d) unsatisfied; i.e., we could not say that, but-for the § 1592(a) violation (the mismarking of the country of origin of the camera equipment), the § 1304(f) violation would not have occurred. Id. We further stated:
 
 
 3
 The act of culpably mismarking goods cannot be said to have deprived the government of the 10 percent ad valorem duty assessed under 1304(f). To the contrary, but for the mismarkings (followed by the failure to export, destroy, or remark the articles in accordance with section 1304), the duty could not have arisen. Thus, the proper characterization of the relationship between sections 1304(f) and 1592(d) is that the two sections are coupled only to the extent that the act of mismarking can give rise to a violation of both sectionssection 1304(f) if the mismarking is not cured, and 1592(d) if the mismarking occurred as a result of fraud, gross negligence or negligence.
 
 
 4
 Id.
 
 
 5
 On November 21, 1997, Lewellyn Robison, the United States Customs Service ("Customs"), and the United States (collectively "the government") petitioned for rehearing of our decision. In seeking rehearing, the government alleged two interrelated errors: (1) we overlooked the fact that Pentax had filed false entry documents, and (2) we did not address the government's theory that these false entry documents were an independent violation of 19 U.S.C. § 1592(a) that provided a separate basis for recovery of marking duties pursuant to 19 U.S.C. § 1592(d). We grant the government's petition for rehearing for the limited purpose of amending our earlier opinion to include the entry papers fact omitted from our previous opinion and to correct two incorrect references in that opinion. However, we deny the government's petition to the extent that it seeks consideration of the theory that the false entry papers were an independent violation of 19 U.S.C. § 1592(a), thus permitting recovery of marking duties under 19 U.S.C. § 1592(d).
 
 
 6
 Our previous opinion did not address the fact that Pentax submitted false entry documents with the mismarked goods it imported. It is undisputed, as acknowledged in plaintiffs' response to the petition for rehearing, "that Pentax misstated the country of origin of the subject goods not just on the goods themselves but also in their accompanying entry papers." To correct this factual omission, we amend our earlier opinion by adding the following text to the end of the first paragraph of part II of the Background section, Pentax, 125 F.3d at 1460:
 
 
 7
 Pentax also submitted incorrect entry documents, including invoices and declarations to Customs, indicating that the goods were made in Hong Kong. Id.
 
 
 8
 We also amend the prior opinion by replacing "Commerce" in the following two sentences with--Customs--:
 
 
 9
 Finally, section 1592(c)(4), the section central to this case, caps the maximum penalties otherwise assessed under section 1592(c) if the concerned entity brings the mismarking to the attention of Commerce.
 
 
 10
 Pentax, 125 F.3d at 1459.
 
 
 11
 Regardless of whether the Court of International Trade had jurisdiction over Pentax's pre-enforcement action, the court's April 2, 1996 order consolidated plaintiffs' claims into the enforcement action commenced by Commerce.
 
 
 12
 Pentax, 125 F.3d at 1462.
 
 
 13
 We decline to address the government's theory that the submission of false entry documents in this case constituted a separate violation of 19 U.S.C. § 1592(a), thereby providing an independent basis for recovering marking duties pursuant to 19 U.S.C. § 1592(d). Despite the government's assertions, we find no evidence that this theory was raised on appeal in the briefing or during oral argument. A petition for rehearing must "state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended." Fed. R.App. P. 40(a); see also Fed. Cir. R. 40(b)(2). In this case, the government's theory was not overlooked or misapprehended. The theory was not presented on appeal. Just as this court will not address issues raised for the first time on appeal or issues not presented on appeal, we decline to address the government's new theory raised for the first time in its petition for rehearing. See United States v. Bongiorno, 110 F.3d 132, 133 (1st Cir.1997) ("[A] party may not raise new and additional matters for the first time in a petition for rehearing."); Wells v. Rushing, 760 F.2d 660, 661 (5th Cir.1985) (citing cases supporting the proposition that issues not raised before the court are not addressed on rehearing).
 
 
 14
 So ORDERED.
 
 
 
 [1]
 The facts underlying this dispute are detailed in our previous opinion
 
 
 [2]
 We assume familiarity with the detailed analysis of the statutory scheme presented in our previous opinion
 
 
 [3]
 Section 1592(d) provides in full:
 (d)Deprivation of lawful duties
 Notwithstanding section 1514 of this title, if the United States has been deprived of lawful duties as a result of a violation of subsection (a) of this section, the appropriate customs officer shall require that such lawful duties be restored, whether or not a monetary penalty is assessed.