**Slip Op. 09-24**

UNITED STATES COURT OF INTERNATIONAL TRADE

BAGS ON THE NET CORP.,                          :

                  *Plaintiff*,              :

        v.                                   :

UNITED STATES,                                    :

                 *Defendant*,            :          Court No. 08-00332

     and                                  :

POLYETHYLENE RETAIL CARRIER BAG          :
COMMITTEE, HILEX POLY CO., LLC,
and SUPERBAG CORPORATION,                 :

        *Defendant-Intervenors*.  :

[Motion to dismiss for lack of subject matter jurisdiction granted.]

Dated:  March 31, 2009

Peter S. Herrick, P.A. (Peter S. Herrick), for Plaintiff.

Michael F. Hertz, Acting Assistant Attorney General; Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Antonia R. Soares); Thomas M. Beline, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, Of Counsel; for Defendant.

King & Spalding, LLP (Stephen A. Jones and Daniel L. Schneiderman), for Defendant-Intervenors.

**OPINION**

RIDGWAY, Judge:

In this action, plaintiff Bags on the Net Corp. ("BOTN") contests the U.S. Department of Commerce's determination that a specific model of polyethylene bag manufactured in the People's Republic of China ("PRC") – which BOTN imports – is within the scope of the 2004 antidumping order covering polyethylene retail carrier bags from the PRC. *See* Polyethylene Retail Carrier Bags from the People's Republic of China – Final Scope Determination of the Request from Bags on the Net, Inv. No. A-570-886 (July 14, 2008) (P.R. Doc. No. 9) ("Final Scope Determination").[1]

Pending before the Court is the Government's Motion to Dismiss this action for want of subject matter jurisdiction. *See generally* Defendant's Memorandum in Support of its Motion to Dismiss ("Def.'s Brief"); Defendant's Reply Memorandum in Support of its Motion to Dismiss ("Def.'s Reply Brief"). According to the Government, the court lacks jurisdiction because BOTN filed its summons more than 75 days after Commerce mailed the Final Scope Determination to BOTN's designated counsel of record – well beyond the statutory thirty-day deadline for commencing the action. 19 U.S.C. § 1516a(a)(2)(A)(ii) (2006); 28 U.S.C. § 1581(c); 28 U.S.C. § 2636(c).[2] The Government argues that this action must therefore be dismissed. The Defendant-Intervenors – domestic producers of polyethylene retail carrier bags – support the Government's motion. *See generally* Defendant-Intervenors' Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Def.-Ints.' Response Brief").

---

[1]The administrative record filed in this matter consists entirely of public documents. Citations to the administrative record are noted as Public Record Document ("P.R. Doc.") No. ____.

[2]All statutory citations herein are to the 2006 edition of the United States Code.

Plaintiff BOTN opposes the Government's motion and maintains that the statutory thirty-day period for commencing an action in this court was never triggered, because Commerce never sent the Final Scope Determination directly to BOTN and instead mailed a copy only to BOTN's counsel of record. *See generally* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl.'s Response Brief").

For the reasons set forth below, the court lacks subject matter jurisdiction under 28 U.S.C. § 1581(c). Accordingly, the Government's Motion to Dismiss is granted, and this action is dismissed.

## I. Background

In August 2004, Commerce published an antidumping duty order covering polyethylene retail carrier bags from the People's Republic of China. *See* Antidumping Duty Order: Polyethylene Retail Carrier Bags From the People's Republic of China, 69 Fed. Reg. 48,201 (Aug. 9, 2004) ("Antidumping Order").[3] In late May 2008, BOTN, through its counsel, sought a ruling

---

[3]According to the Antidumping Order, the polyethylene retain carrier bags ("PRCBs") covered by the order "may be referred to as t-shirt sacks, merchandise bags, grocery bags, or checkout bags," and are described as "non-sealable sacks and bags with handles (including drawstrings), without zippers or integral extruded closures, with or without gussets, with or without printing, of polyethylene film" of specified thicknesses and dimensions. The Antidumping Order further explains that "PRCBs are typically provided without any consumer packaging and free of charge by retail establishments, *e.g.*, grocery, drug, convenience, department, specialty retail, discount stores, and restaurants, to their customers to package and carry their purchased products." Antidumping Order, 69 Fed. Reg. at 48,202.

Expressly excluded from the scope of the Antidumping Order are "(1) polyethylene bags that are not printed with logos or store names and that are closeable with drawstrings made of polyethylene film and (2) polyethylene bags that are packed in consumer packaging with printing that refers to specific end-uses other than packaging and carrying merchandise from retail establishments, *e.g.*, garbage bags, lawn bags, trash-can liners." Antidumping Order, 69 Fed. Reg.

from Commerce as to whether a particular model of bag – which BOTN identified as "HOLIDAYINN-8410" – is within the scope of the Antidumping Order. *See generally* Scope Ruling Request (May 29, 2008) (P.R. Doc. No. 1) ("Request for Scope Ruling"). The first sentence of the Request for Scope Ruling stated: "This law firm [*i.e.*, the law firm of "Peter S. Herrick, P.A."] is representing Bags on the Net ("BOTN") in [this] matter." *See* Request for Scope Ruling at 1. The Request for Scope Ruling was signed by Mr. Herrick personally, with Roy Leon, Esq. of the same law firm identified as "Of Counsel." *See* Request for Scope Ruling at 1, 5.

Attached as Exhibit A to BOTN's Request for Scope Ruling was a document captioned "Appointment and Authorization of Attorney." Signed by the president of BOTN, the Appointment and Authorization of Attorney expressly and unequivocally designated the law firm of Peter S. Herrick, P.A. as BOTN's counsel of record for purposes including BOTN's scope inquiry proceeding:

> Peter S. Herrick, P.A. is hereby appointed, and authorized to act, as attorney at law for [BOTN] with respect to matters before the United States Customs and Border Protection and Department of Commerce.

Request for Scope Ruling, Exh. A ("Appointment and Authorization of Attorney").

Upon receipt of BOTN's Request for Scope Ruling, together with the Appointment and Authorization of Attorney, Commerce added BOTN's designated counsel of record to the agency's public service list for the newly-initiated scope inquiry proceeding. *See* Def.'s Reply Brief,

at 48,202.

Attachment.[4]  On at least three occasions during the pendency of the proceeding, Commerce communicated directly with BOTN's designated counsel of record concerning the Request for Scope Ruling.  *See* Commerce Memorandum to File Regarding Telephone Conversation with Counsel for BOTN (June 5, 2008) (P.R. Doc. No. 3) (memorializing June 4, 2008 phone conversation with BOTN's counsel of record); Commerce Memorandum to File Regarding Telephone Conversation with Counsel for BOTN (June 12, 2008) (P.R. Doc. No. 4) (memorializing June 11, 2008 and June 12, 2008 phone conversations with BOTN's counsel of record).

By notice dated July 14, 2008, Commerce advised BOTN of the agency's Final Scope Determination, which concluded that the polyethylene bag in question is covered by the Antidumping Order.  *See* Polyethylene Retail Carrier Bags from the People's Republic of China – Final Scope Determination of the Request from Bags on the Net, Inv. No. A-570-886 (July 14, 2008)

---

[4]Commerce's regulations provide for the establishment and maintenance of a public service list for each segment of a proceeding.  Pursuant to those regulations, "to be included on the public service list for a particular segment, each interested party must file a letter of appearance," which must, *inter alia*, identify "the name of the firm, if any, representing the interested party in this segment of the proceeding."  19 C.F.R. § 351.103(d)(1) (2008).  Commerce's regulations further require that "[e]ach interested party that asks to be included on the public service list for a segment of a proceeding must designate a person to receive service of documents filed in that segment."  19 C.F.R. § 351.103(d)(2) (2008).

As discussed above, in conformance with Commerce's regulations, BOTN's Request for Scope Ruling was filed on the letterhead of the law firm of Peter S. Herrick, P.A., and  expressly stated that "[t]his law firm is representing Bags on the Net ("BOTN") in the referenced matter [Scope Ruling Request – A-570-886, A-557-813, A-549-821]."  *See* Request for Scope Ruling at 1.  In addition, as discussed above, the Appointment and Authorization of Attorney, which accompanied BOTN's Request for Scope Ruling and was signed by BOTN's president, specifically designated the law firm of Peter S. Herrick, P.A. as BOTN's counsel of record for purposes of the scope inquiry proceeding.  *See* Request for Scope Ruling, Exh. A.

(P.R. Doc. No. 9) ("Final Scope Determination").[5] The notice was sent by certified mail to BOTN's counsel of record, the law firm of Peter S. Herrick, P.A., in accordance with Commerce's regulations. *See* Certified Mail Delivery Receipt addressed to Roy Leon, Esq., of the law firm of Peter S. Herrick, P.A. (P.R. Doc. No. 11); 19 C.F.R. §§ 351.225(d) (2008).[6]

Several months later, BOTN's counsel of record sent a letter to Commerce. *See* Pl.'s Response Brief, Exh. A. In that letter, dated September 25, 2008, BOTN's counsel acknowledged receipt of the copy of the Final Scope Determination which Commerce had mailed to the law firm in mid-July 2008. However, the September 25, 2008 letter further stated that "Bags on the Net has not received its copy of the referenced Final Scope Ruling through the mail." *Id*. The letter "request[ed] that Commerce mail directly to Bags On the Net its copy of the . . . Final Scope Ruling dated July 14, 2008," and – "presum[ing]" that Commerce would mail a copy of the ruling to BOTN "no later than Friday, September 26, 2008" – stated that counsel for BOTN intended to "use this date [*i.e.*, September 26, 2008] to file [BOTN's] summons and complaint." *Id*.

---

[5]In its briefs, the Government states that Commerce mailed the Final Scope Determination to BOTN's counsel of record on July 14, 2008. *See* Def.'s Brief at 2, 4; Def.'s Reply Brief at 2; *see also* Def.-Ints.' Response Brief at 1. However, documentation in the administrative record appears to indicate that the agency's ruling actually was mailed the following day – on July 15, 2008. *See* Certified Mail Delivery Receipt addressed to Roy Leon, Esq., of the law firm of Peter S. Herrick, P.A. (P.R. Doc. No. 11). In fact, it is immaterial whether Commerce mailed the notice to BOTN's counsel of record on July 14, 2008 or on July 15, 2008. Both dates are indisputably much more than thirty days before September 29, 2008 – the date on which the summons and complaint in this matter were filed.

[6]Commerce's regulations require that the agency "notify all persons on the Department's scope service list . . . of the final ruling" in a scope inquiry proceeding. *See* 19 C.F.R. § 351.225(d) (2008). As detailed in note 4 above, as BOTN's counsel of record, the law firm of Peter S. Herrick, P.A. was "designate[d] . . . to receive service of documents filed" in the scope inquiry proceeding at issue here. *See* 19 C.F.R. § 351.103(d)(2) (2008).

On September 29, 2008, more than 75 days after Commerce's July 14, 2008 notice apprising BOTN's counsel of record of the agency's Final Scope Determination, BOTN's counsel filed a summons and complaint commencing this action to challenge Commerce's ruling. *See* Summons (filed Sept. 29, 2008); Complaint (filed Sept. 29, 2008).

## II. Standard of Review

The existence of subject matter jurisdiction is a threshold inquiry. *See*, *e.g.*, Steel Co. v. Citizens For A Better Environment, 523 U.S. 83, 94-95 (1998). Where – as here – subject matter jurisdiction is challenged pursuant to USCIT Rule 12(b)(1), "'the burden rests on plaintiff to prove that jurisdiction exists.'" Pentax Corp. v. Robison, 125 F.3d 1457, 1462 (Fed. Cir. 1997), *modified in part*, 135 F.3d 760 (1998) (*quoting* Lowa, Ltd. v. United States, 5 CIT 81, 83, 561 F. Supp. 441, 443 (1983), *aff'd*, 724 F.2d 121 (Fed. Cir. 1984)); *see also* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Norsk Hydro Canada, Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006) (citation omitted).

Moreover, where a waiver of sovereign immunity is at issue, the language of the statute must be strictly construed, and any ambiguities resolved in favor of immunity. *See* United States v. Williams, 514 U.S. 527, 531 (1995); Blueport Co., LLC v. United States, 533 F.3d 1374, 1378 (Fed. Cir. 2008) ("'[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.'") (*quoting* Lane v. Pena, 518 U.S. 187, 192 (1996)).

## III. Analysis

The proper filing of a summons and complaint is a jurisdictional prerequisite for the commencement of an action before the Court of International Trade. *See* NEC Corp. v. United

States, 806 F.2d 247, 248 (Fed. Cir. 1986); Georgetown Steel Corp. v. United States, 801 F.2d 1308,

1311 (Fed. Cir. 1986). "A civil action contesting a reviewable determination listed in [19 U.S.C.

§ 1516a] is barred unless commenced in accordance with the rules of [this court] within the time

specified . . . ." 28 U.S.C. § 2636(c). For purposes of this case, the "time specified" is found in 19

U.S.C. § 1516a, which states that, within thirty days after the date of mailing of, *inter alia*, a final

scope determination (such as the determination at issue here)[7]:

> an interested party who is a party to the proceeding in connection with which the
> matter arises may commence an action in the United States Court of International
> Trade by filing a summons, and within thirty days thereafter a complaint, each with
> the content and in the form, manner, and style prescribed by the rules of that court,
> contesting any factual findings or legal conclusions upon which the determination
> is based.

19 U.S.C. § 1516a(a)(2)(A)(ii). *See also* Georgetown Steel Corp., 801 F.2d at 1311-12 (concluding

that 19 U.S.C. § 1516a(a)(2)(A) is "plain and unambiguous," and that, because that provision of the

statute "specifies the terms and conditions upon which the United States has waived its sovereign

immunity in consenting to be sued in the Court of International Trade, those limitations must be

strictly observed and are not subject to implied exceptions"); Bond Street, Ltd. v. United States, 31

CIT ____, ____, 521 F. Supp. 2d 1377, 1379 (2007) (same).

The Government contends that, to comply with 19 U.S.C. § 1516a(a)(2)(A), BOTN's counsel

of record was required to file a summons no later than August 13, 2008 – thirty days after July 14,

---

[7]The thirty-day period prescribed in 19 U.S.C. § 1516a(a)(2)(A)(ii) governs the filing of actions in this court challenging Commerce's final scope determinations – *i.e.*, Commerce's determinations "as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order" – such as the Final Scope Determination at issue in the present case. 19 U.S.C. § 1516a(a)(2)(B)(vi); 19 U.S.C. § 1516a(a)(2)(A)(ii).

2008 (the date on which the Government states that Commerce mailed the Final Scope Determination to BOTN's counsel). *See* Def.'s Brief at 4; Def.'s Reply Brief at 2.[8] According to the Government, because BOTN's summons and complaint were not filed until September 29, 2008 – more than 75 days after Commerce mailed the Final Scope Determination to counsel for BOTN – this action must be dismissed for want of jurisdiction. *See* Def.'s Brief at 4; Def.'s Reply Brief at 2.

BOTN implicitly (if not explicitly) concedes that Commerce mailed the Final Scope Determination to its counsel of record in mid-July 2008; and, to the extent that it is relevant, BOTN implicitly (if not explicitly) concedes that its counsel timely received that copy of the Final Scope Determination. Moreover, there is no claim here that BOTN's counsel of record failed to advise BOTN of the issuance of the Final Scope Determination in a timely fashion.

Instead, BOTN advances essentially two interrelated arguments: (1) that the company did not authorize the law firm of Peter S. Herrick, P.A. – its counsel of record in the scope inquiry proceeding – to accept "service of process" for BOTN, and (2) that Commerce was required to mail the Final Scope Determination directly to BOTN, such that the agency's mailing of that determination to BOTN's designated counsel of record in the proceeding did not trigger the statutory thirty-day period for commencing this action by filing a summons. *See* Pl.'s Response Brief at 3-4. Both arguments verge on the frivolous.

It is beyond cavil that the law firm of Peter S. Herrick, P.A. served as BOTN's counsel of

---

[8]As discussed in note 5 above, documentation in the administrative record appears to indicate that Commerce actually mailed the Final Scope Determination to BOTN's counsel of record on July 15, 2008 (rather than July 14, 2008). But the one day difference is immaterial here. The result of the analysis is the same.

record in the scope inquiry proceeding before Commerce, just as the same firm entered its appearance and is acting as counsel for BOTN in the instant action. As detailed in section I above, the president of BOTN expressly and unequivocally designated the law firm of Peter S. Herrick, P.A. to serve as BOTN's counsel of record for purposes including the underlying scope inquiry proceeding at issue here. *See* Request for Scope Ruling, Exh. A. Further, the very first sentence of BOTN's Request for Scope Ruling read: "This law firm [*i.e.*, the law firm of "Peter S. Herrick, P.A."] is representing Bags on the Net ("BOTN") in [this] matter." *See* Request for Scope Ruling at 1. And, on at least three occasions during the pendency of the scope inquiry proceeding, Commerce communicated directly with BOTN's designated counsel of record concerning BOTN's Request for Scope Ruling. *See* Commerce Memorandum to File Regarding Telephone Conversation with Counsel for BOTN (June 5, 2008); Commerce Memorandum to File Regarding Telephone Conversation with Counsel for BOTN (June 12, 2008).

Moreover, whether or not BOTN authorized the law firm of Peter S. Herrick, P.A. to accept "service of process" for the company is of no moment here, because it is equally clear beyond cavil that Commerce's mailing of the Final Scope Determination to BOTN's counsel of record did not constitute "service of process." Commerce was required by regulation to "notify all persons on the Department's scope service list . . . of the final ruling" – an obligation which it discharged as to BOTN by mailing a copy of the agency's Final Scope Determination to BOTN's counsel of record, the law firm of Peter S. Herrick, P.A. *See* 19 C.F.R. § 351.225(d) (2008); *cf.* 19 U.S.C. § 1516a(a)(2)(A)(ii) (requiring summons to be filed within thirty days of "the date of mailing" of, *inter alia*, a final scope determination). Commerce was not called upon to engage in "service of process," which is a distinctive procedural concept concerning the commencement of legal

proceedings before a court through the service of a summons and complaint.  *See generally* Def.-

Ints.' Brief at 2 (*citing* Black's Law Dictionary, 6th ed. (1990) at 1368; USCIT R. 4; F. R. Civ. P.

4).[9]

In short, BOTN does not dispute that the company authorized and empowered the law firm

of Peter S. Herrick, P.A. to serve as its counsel of record in the scope inquiry proceeding before

Commerce.  Nor does BOTN dispute that Commerce mailed a copy of the Final Scope

Determination to the company's designated counsel of record in mid-July 2008, as required by the

statute.  Under the circumstances, BOTN's claim that it never authorized its counsel of record to

accept "service of process" for the company simply has no bearing on the issue presented here.

BOTN fares no better on its second argument.  Asserting that the court in <u>Bond Street</u>

"recognized that the mailing of the final determination to the importer is required by statute," BOTN

underscores the fact that Commerce here "never mailed the Final Scope Ruling to BOTN."  *See* Pl.'s

Response Brief at 3.  In effect, BOTN contends that Commerce's mailing of the Final Scope

Determination did not suffice to start the thirty-day clock for commencement of an action in this

forum.  Invoking <u>Bond Street</u>, BOTN thus argues that – if the court does lack jurisdiction here – "it

is based on the entire matter being *premature* based on the government's failure to mail [BOTN] a

copy of the Final Scope Ruling and not because [this action] was *untimely filed*."  *See* Pl.'s Response

---

[9]*See*, *e.g.*, 3D Moore's Federal Practice § 4.02[1] (Matthew Bender 3d ed. 2008) (discussing F. R. Civ. P. 4, and explaining: "Service of process is one method a court uses to obtain in personam (or 'personal') jurisdiction over a party or property.  In personam jurisdiction is the power of a court over a defendant.  This chapter discusses the means by which a court obtains personal jurisdiction over a defendant (that is, service of process). . . .  A court may formally establish personal jurisdiction over a defendant by effecting service of process pursuant to the provisions of Rule 4. Thus, if service of process is deemed defective, the issuing court has failed to obtain personal jurisdiction over defendant.") (footnotes omitted).

Brief at 3-4 (emphases added).

But BOTN's argument perverts the facts and the holding of <u>Bond Street</u>. Contrary to BOTN's claims, <u>Bond Street</u> did not hold that Commerce is required to mail final determinations directly to parties (rather than to their counsel of record). Indeed, <u>Bond Street</u> had no occasion to so hold, because the final determination in that case in fact *was* sent to the party at issue (not to counsel) – since, unlike BOTN in the agency proceeding in this case, the party at issue in <u>Bond Street</u> was not represented by counsel at the agency level.[10]

Contrary to BOTN's claims, <u>Bond Street</u> focused not on *the entity* to which Commerce should send a final determination, but – rather – on *the means* by which such a determination should be sent. Specifically, the issue in <u>Bond Street</u> was whether the statutory thirty-day period for commencing an action in this court was triggered where Commerce sent the final determination by facsimile, rather than by mail, as the statute provides. *See* <u>Bond Street</u>, 31 CIT at ____, 521 F. Supp. 2d at 1378-79. The court there held that facsimile transmission of the agency's final determination was not equivalent to mailing the determination, and that – because the language of the statute "specifies that a party may seek judicial review of a scope determination '[w]ithin thirty days after the date of mailing of a determination'" – facsimile transmission does not suffice to trigger the thirty-day period for commencement of an action. *See* <u>Bond Street</u>, 31 CIT at ____, ____, 521 F. Supp. 2d at 1379, 1381 (*quoting* 19 U.S.C. § 1516a(a)(2)(A)(ii)). Because the thirty-day period was

---

[10]Close review of the administrative record filed in <u>Bond Street</u> confirms that, throughout the underlying agency proceedings there, Bond Street's president signed and served all of the company's submissions, and all submissions served on Bond Street were served on the company's president. Bond Street was not represented by counsel at the administrative level. *See* <u>Bond Street, Ltd. v. United States</u>, No. 07-00226 (CIT Aug. 14, 2007) (Administrative Record filed).

never triggered, the court in <u>Bond Street</u> concluded that the plaintiff's summons had been prematurely filed. *See* <u>Bond Street</u>, 31 CIT at ____, ____, 521 F. Supp. 2d at 1379, 1381. The court therefore dismissed the case for lack of jurisdiction, without prejudice to re-filing. *See* <u>Bond Street</u>, 31 CIT at ____, ____, 521 F. Supp. 2d at 1379, 1381; *see generally* Def.'s Reply Brief at 5-6 (analyzing facts and holding of <u>Bond Street</u>).

In sum, BOTN has pointed to nothing in <u>Bond Street</u> to substantiate BOTN's claim that Commerce is obligated to mail a copy of a final scope determination to a party (rather than, or in addition to, that party's counsel of record). Nor can BOTN do so. <u>Bond Street</u> is fundamentally inapposite here. And BOTN cites no other authority to support its bald assertion that Commerce erred in not serving BOTN itself with a copy of the agency's Final Scope Determination.[11]

Alluding to BOTN's letter dated September 25, 2008, the Government accuses BOTN of seeking "to paper-over jurisdictional defects with self-serving correspondence sent [40-plus] days after BOTN should have filed its summons." *See* Def.'s Reply Brief at 5. However, BOTN cannot "unilaterally rewrite Commerce's regulations, much less expand this Court's jurisdiction, which, as a waiver of sovereign immunity, must be strictly construed." *See id.* (citation omitted).

Under 19 U.S.C. § 1516a(a)(2)(A)(ii), BOTN was required to file its summons within thirty days after Commerce's Final Scope Determination was mailed to BOTN's counsel of record in mid-July 2008. BOTN's failure to file its summons within that thirty-day window precludes it from bringing this action.

---

[11]The Government goes so far as to assert that, with BOTN represented by counsel, "it would have been inappropriate for Commerce to mail the Final Scope Determination directly to BOTN." *See* Def.'s Reply Brief at 4 (*citing* 19 C.F.R. §§ 351.103(d)(1)-(2)). In light of the holding here, there is no need to reach that argument.

## IV. <u>Conclusion</u>

For all the foregoing reasons, the Government's Motion to Dismiss must be granted, and this action dismissed for lack of subject matter jurisdiction.

A separate order will enter accordingly.

/s/ Delissa A. Ridgway
_____
Delissa A. Ridgway
Judge

Decided:  March 31, 2009
             New York, New York