NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――――

**IN RE: WILLIAM HENRY STARRETT, JR.,**
*Appellant*

―――――――――――――

2023-1425

―――――――――――――

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 14/921,682.

―――――――――――――

Decided:  December 15, 2023

―――――――――――――

WILLIAM STARRETT, JR., Richardson, TX, pro se.

KAKOLI CAPRIHAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal.  Also represented by ROBERT MCBRIDE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

―――――――――――――

Before LOURIE, STOLL, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

William Henry Starrett, Jr. appeals from a decision of the United States Patent and Trademark Office Patent Trial and Appeal Board ("the Board") affirming an examiner's rejections of the pending claims of U.S. Patent

Application 14/921,682 ("the '682 application") as directed to patent ineligible subject matter under 35 U.S.C. § 101 and as anticipated under § 102, as well as the rejection of certain pending claims as indefinite under § 112(b). *Ex parte William Henry Starrett Jr.*, No. 2021-000504, 2022 WL 1799367 (P.T.A.B. May 31, 2022) ("*Decision*"). For the following reasons, we *affirm*.

BACKGROUND

The twenty-six claims of the '682 application generally relate to "editing, storing, converting, encoding, generating, or maintaining representations of subjective experiences, physiological responses, or expressive responses as a representation of emotion in a computing environment." '682 application, ¶ 6. For example, in one described embodiment, the invention gathers data from devices measuring physiological conditions such as brain activity, heart rate, or body temperature and uses that data to define, recreate, or maintain a subject's emotional state. *Id.* ¶ 44.

Claim 1, reproduced below, is representative for purposes of this appeal:

1. A machine having a memory containing data representing either of or both data structures and program instructions for editing, storing, converting, encoding, generating, or maintaining said data structures representing

one or more *immersive first-person experiences of emotion* with *zero, one, or more representations of immersive first-person physical sensations of self-awareness* and *zero, one, or more representations of a vantage*

*using a hierarchy of coordinate systems* being generated by a method comprising the steps of:

analyzing one or more bodies;

>obtaining information about a body;
>
>generating one or more hierarchical representation.

*Id.* at claim 1 (emphases added).

The examiner rejected all twenty-six claims (1) under 35 U.S.C. § 101 as being directed to patent-ineligible subject matter, (2) under § 102 as being anticipated by Froloff,[1] and (3) under § 112(b) as being indefinite. *Decision* at *1–2. Additionally, the examiner rejected claims 9, 10, 16, 17, 25, and 26 under § 112(a) for failing to comply with the written description requirement. *Id.* at *1. Starrett appealed to the Board, asserting that each of the examiner's rejections was improper and should be overturned.

The Board sustained the examiner's rejections under §§ 101 and 102 in full, and the rejections under § 112(b) in part. *Id.* at *13. Accordingly, the Board affirmed the Examiner's final decision as it sustained at least one ground of rejection with respect to each claim on appeal, although it did reverse the examiner's rejections under § 112(a) and a handful of the rejections under § 112(b). *Id.* at *13–14; *see also* 37 C.F.R. § 41.50(a)(1). Starrett subsequently filed a request for rehearing, which the Board denied in a later decision. *Ex parte William Henry Starrett Jr.*, No. 2021-000504, 2022 WL 17223428 (P.T.A.B. Nov. 23, 2022).

Starrett timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141(a).

## DISCUSSION

We review the Board's legal determinations *de novo*, *In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and the Board's factual findings for substantial evidence, *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). A finding

---

[1] U.S. Patent 7,720,784 (filed Aug. 30, 2005).

is supported by substantial evidence if a reasonable mind might accept the evidence as adequate to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Starrett appeals each ground of rejection that was sustained by the Board. We first review the Board's § 102 anticipation determination, which applies to all of the '682 application's twenty-six claims. A claim "is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference," *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631 (Fed. Cir. 1987), and "anticipation is a question of fact subject to substantial evidence review." *Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1068 (Fed. Cir. 2017).

On appeal to this court, Starrett repeats many of the same contentions regarding this issue that he argued to the Board, going insofar as to quote large sections of his appeal brief to the Board and request for rehearing to the Board verbatim. Starrett asserts that the '682 application's claims are not anticipated because (1) Froloff's depictions of emotive states are not representations of "immersive first-person experiences of emotion," (2) Froloff's data structures do not use "a hierarchy of coordinate systems," and (3) Froloff does not disclose "representations of immersive first-person physical sensations of self-awareness" or "representations of a vantage" as recited in the claim 1 of the '682 application.

Regarding claim 1's recitation of "data structures representing one or more immersive first-person experiences," the Board agreed with the examiner that "Froloff discloses emotive vectors, or emovectors, that represent emotive content." *Decision* at *12. On appeal, Starrett argues that such disclosure does not anticipate claim 1's representations of "immersive first-person experiences of emotion," but he fails to adequately explain how that limitation requires more than Froloff's disclosed emovectors. Starrett

seems to argue that Froloff's disclosure is insufficient because its emovectors are represented by sets of predefined labels, representations, and designations. Appellant's Br. at 47, 55. Starrett cites a single passage from the '682 application specification in support, which describes the preexisting technology's limited ability to recreate human state experiences and freely model complex sensational events inside of emotional events. *Id.* at 55 (citing '682 application, ¶ 4). But this is not what is required by the claims, which recite, "*data structures representing* one or more immersive first-person experiences of emotion." '682 application, claim 1 (emphasis added). The application's claims do not require data structures with undefined labels, as Starrett seemingly argues here. Nor does the specification show otherwise. The specification language relied on by Starrett merely describes the state of the background art and does not support reading an unwritten requirement into the claim. During examination, although claims are to be given their broadest reasonable interpretation consistent with the specification and should be read in light of the specification as it would be interpreted by one of ordinary skill in the art, *In re Am. Acad. Of Sci. Tech Ctr.*, 367 F.3d 1359, 1364 (Fed. Cir. 2004), "[w]e have cautioned against reading limitations into a claim from the preferred embodiment described in the specification, even if it is the only embodiment described, absent clear disclaimer in the specification." *Id.* at 1369.

As for the claim limitation requiring the use of "a hierarchy of coordinate systems," the Board agreed with the examiner that Froloff's emovectors correspond to coordinate systems and that Froloff discloses an associated hierarchal model. *Decision* at *12–13. The Board specifically relied on Figure 3 of Froloff, which the reference describes as "an illustration of the emotive hierarchy." *Id.* at *12 (citing Froloff, Fig. 3, col. 17 ll. 25–58). Figure 3 depicts a pyramid chart that presents physical, emotional, and cognitive signals in ascending order and directional markers

associated with pain and pleasure. Froloff, Fig. 3, col. 17 l. 25–col. 18 l. 62. The Board also relied on Froloff's Figure 6, which illustrates an "emotive displacement calculation" using "a two[-]dimensional space wherein pleasure and pain are opposing directions on an orthogonal time axis." *Decision* at *12 (citing Froloff, Fig. 6, col. 21 ll. 34–38). However, Starrett seems to argue on appeal that the two-dimensional nature of Froloff's disclosures is insufficient to anticipate the claims of the '682 application. Appellant's Br. at 45–47, 54–56. But, again, this is not what is required by the claims. Claim 1 does not require a minimum number of dimensions to be represented in its coordinate systems or hierarchy, and Starrett does not direct us to any portion of the '682 application's specification that supports the importation of such an unwritten requirement into the claim.

Concerning the claim limitations requiring "representations of immersive first-person physical sensations of self-awareness" and "representations of a vantage," the Board found that Starrett's arguments were "unpersuasive of examiner error because these optional limitations are non-limiting and need not be disclosed by Froloff for claim 1 to be anticipated." *Decision* at *12. The Board found the limitations optional because, in context, they require "*zero*, one, or more representations of immersive first-person physical sensations of self-awareness" and "*zero*, one, or more representations of a vantage." *Id.* at *3 (citing '682 application, claim 1) (emphases in *Decision*). The Board then relied on this court's decision in *In re Johnston*, 435 F.3d 1381 (Fed. Cir. 2006) to find that "optional elements do not narrow the claim because they can always be omitted." *Decision* at *3. Although Starrett includes several general assertions regarding the "sensations of self-awareness" and "vantage" limitations in this appeal, *see, e.g.*, Appellant's Br. at 48–49, he fails to explain how the recitation of "zero" preceding those limitations does not render them

optional.  As such, Starrett has not provided us any basis to upset the Board's decision as to those limitations.

Accordingly, the Board's finding that claim 1 of the '682 application was anticipated by Froloff is supported by substantial evidence.  Concerning the application's remaining claims, the Board analyzed claims 11 and 18 separately because of their additional limitation regarding "zero, one, or more values for subjectively held ideas." *Decision* at *13. The Board then found that Starrett relied on the same arguments for the application's remaining twenty-three claims and sustained the examiner's anticipation rejections as to those as well.  Although Starrett's appeal includes arguments specifically directed to claims 1, 11, and 18, Appellant's Br. at 49–51, he asserts no contentions regarding the "subjectively held ideas" limitation and presents no argument that the Board erred in treating claim 1 as representative.  Accordingly, Starrett has waived any separate arguments as to claims 2–26 of the '682 application.   37 C.F.R. § 41.37(c)(1)(iv) ("Notwithstanding any other provision of this paragraph, the failure of appellant to separately argue claims which appellant has grouped together shall constitute a waiver of any argument that the Board must consider the patentability of any grouped claim separately."); *Pentax Corp. v. Robison*, 135 F.3d 760, 762 (Fed. Cir. 1998) (stating that "this court will not address issues raised for the first time on appeal or issues not presented on appeal").

CONCLUSION

We have considered Starrett's remaining arguments regarding anticipation but find them unpersuasive.  As we have affirmed a ground of rejection applicable to all of the claims in this appeal, we need not address Starrett's remaining arguments regarding the other grounds of rejection.  For the foregoing reasons, we *affirm* the Board's rejection of claims 1–26 of the '682 application.

**AFFIRMED**